# SUPREME COURT.

WILLIAM E. LEAVITT, as executor of the last will and testament of GARDINER H. WOLCOTT, deceased, agt. FREDERICK H. WOLCOTT and others.

*Will — Construction of trusts — Where there are several trusts, one or more of which are valid and the other void, the invalid portion may be dropped and the valid ones be executed.*

The testator in his will directed that one-half the interest from his residuary estate should be paid to A. during life, and one-half to B. during life. On the death of A., his share the testator directed should be divided between C., D. and E., share and share alike, for life; and that upon the death of B. her share of the income should also be divided between C., D. and E. for life. The testator directed that at the death of all these beneficiaries the estate should be given to F., if of age, and if he should be a minor, that it be held in trust for him until he arrived at his majority:

*Held*, that though taken as a whole, the testator's disposition of his estate transgresses the statutes against perpetuities, yet, the several bequests of income being independent and stated separately, the invalid portion may be dropped and the residue be allowed to stand. The provisions

for A. and B. are valid, and though there may be some doubt as to that for C., D. and E., yet, as upon the death of either, his or her share does not go to the survivors, there is no illegal suspension of the power of alienation. The provision for F. is void, and after the termination of the interests in favor of A., B., C., D. and E., the testator died intestate. Where an estate is vested in trustees upon several trusts, one or more of which is valid and another void, the latter will be rejected, and the estate of the trustees upheld to the extent necessary to enable them to execute the valid trusts, provided they are separable.

*First Department, General Term, January,* 1883.

*Before* DAVIS, *P. J.,* DANIELS *and* MACOMBER, *JJ.*

APPEAL from judgment of the special term construing the will of Gardiner H. Wolcott.

The following is the opinion of the special term:

VAN VORST, *J.*— The last will and testament of Gardiner H. Wolcott is presented for construction. The provisions thereof, concerning which questions have arisen, may be shortly stated.

Deducting from his property certain legacies and specific gifts, the testator provides that one-half the legal interest from his estate, which he directed should be converted into bonds and mortgages, should be paid to his father during life, and that the other half of the interest should be paid to Mrs. Charlotte Varian during her life.

On the death of his father, the testator directed that his share of the interest should be divided between his brother Frederick and his sisters Elizabeth and Alice, share and share alike, for life. And that upon the death of Mrs. Varian her share of the income should, in like manner, be divided between the same brother and sisters for life.

The will then provides that "at the death of the above named parties — my father, Mrs. Charlotte Varian, my brother Frederick and sisters Elizabeth and Alice — I wish the entire estate, held in trust by my hereinafter named trustees and executors, to be paid to my dear nephew, Huntington Wolcott Merchant, if of age; if at such time he should be a

Leavitt agt. Wolcott.

minor, the property will be held in trust for him until he arrives at his majority."

Taken as a whole, this disposition made by the testator of his estate transgresses the statutes against perpetuities, as it suspends the power of alienation beyond two lives in being at the testator's death.

But I apprehend that the invalid portion may be dropped, and that the residue may, without violence, be allowed to stand. I am persuaded that the several bequests of income are independent. The trust in favor of the father of the testator and Mrs. Varian is one; that in favor of the brother and sisters of the testator is another, and the possible trust in favor of Huntington Wolcott Merchant is a third. It is true they are not numbered in the will, but they are stated separately and distinctly apart. There is no valid reason for condemning an entire trust, when portions may be separated and disfavored, because contrary to the statute. The valid portions of a trust and dispositions made in a will should be allowed to stand, if it can be done without disrupting the whole scheme of the will or trust. And where an estate is vested in trustees upon several independent trusts, one or more of which is valid and the other void, the latter will be rejected, and the estate of the trustees will be upheld to the extent necessary to enable them to execute the valid trusts. (*Savage* agt. *Burnham*, 17 *N. Y.*, 561; *Van Schryver* agt. *Mulford*, 59 *N. Y.*, 426; *Harrison* agt. *Harrison*, 36 *N. Y.*, 543).

As far as the interest for life in favor of the testator's father and Mrs Varian is concerned there can be no possible objection to the will. There is some doubt, however, about the provision in favor of the brother and sisters of the testator, as in one view the principal is tied up for three lives. But the will contains words of severance. They are to receive the income " share and share alike for life." Upon the death of either, his or her share of income does not go to the survivors. But, upon reflection, I think that under the case of *Monarque* agt. *Monarque* (80 *N. Y.*, 320) this works no illegal suspen-

sion of the power of alienation beyond the time limited by statute. I am unable to distinguish the present case in this regard from the one cited.

The real difficulty arises with respect to the possible continuance of the trust during the minority of Huntington Wolcott Merchant, which would carry the suspension beyond two lives. The last disposition must therefore be adjudged invalid, but the other parts of the will should be allowed to stand as valid in law and equity.

The result is that after the terminations of the interests in favor of the father of the testator and Mr. Varian and his brother and sisters, the testator died intestate.

The learned counsel for the defendant Frederick H. Wolcott has submitted an elaborate and carefully prepared brief, which I have read with interest, but I cannot accept the conclusion which he has reached, that the whole scheme of the will, in so far as provision for the above named person is made, must fail. Nor can I accept his view that the invalidity of all the trusts is *res adjudicata* through the decision in the partition suit at special term. The subject was before the judge at special term incidentally and not directly, as it is here, upon a bill for the construction of the will.

The attorneys for the plaintiff must prepare findings of fact and conclusions of law and a judgment in pursuance of the above, and serve a copy thereof on the attorneys for the other parties and notice of settlement of two days.

*D. A. Hawkins,* for appellant.

*J. M. Varnum,* for respondent.

*E. C. Delavan,* for defendant Varian.

DAVIS, *P. J.* — The will of the testator converts all his property, with certain specific exceptions otherwise disposed of, into first class bonds and mortgages on New York city real estate. The trust created relates to the property so con-

verted, and is therefore a trust of personal property with which the statute of uses and trusts in lands has nothing to do (*Payne* agt. *Gott*, 24 *Wend.*, 641; *Savage* agt. *Burnham*, 17 *N. Y.*, 561).

After giving a specific legacy of $1,000, the scheme of the will puts the residue of the property into the hands of the persons named as trustees and executors upon certain specified trusts; the first of which is to pay half the legal interest to the father of the testator so long as he lives; the second, to pay half such legal interest or income to Mrs. Charlotte Varian so long as she may live. These are several and separate trusts, so intended and clearly so treated by the will. The same separation into several trusts is continued by the will after the death of these respective beneficiaries. On the death of the father the will directs that his share of the income shall be divided between his brother Frederick and his sisters and Alice, share and share alike for life. On the death of Mrs. Varian, the will directs that her share of income shall be divided between the same persons, share and share alike for life. The share of the income given to the father is that derived from one-half of the property placed in trust. But on his decease that one-half is divided into three shares respectively, the income of which is to be paid to the new beneficiaries share and share alike. The effect of this provision is to create three separate and distinct trusts for the benefit of the brother and the two sisters of the testator. There is no provision for survivorship in respect to these shares, and no joint tenancy therein is created. Each takes in severalty and has no interest whatever in the question whether the trust in favor of either of the others is or is not executed. The legal effect of the scheme is, therefore, to create a life estate in one-half income of the property in favor of the father so long as he may live, and on his death to divide the same into three equal separate shares, in each of which a life estate is given to three distinct persons. If the will stopped there there would, we think, be no question as to the validity of the disposition of the estate,

for no portion of the father's share would be tied up beyond two lives in being; and the same remark is applicable to the trust created for the use of Mrs. Varian. If no other disposition were made, the law upon the death of the brother or of either sister would step in to take care of his or her share under the distribution laws of the state. But a further disposition of the trust is made which the court below held to be invalid. That disposition is in these words:

"At the death of the above named parties, my father, Mrs. Charlotte Varian, my brother Frederick and sisters Elizabeth and Alice, I wish the entire estate held in trust by my hereinafter named trustees and executors to be paid to my dear nephew Huntington Wolcott Merchant, if of age; if at such time he should be a minor the property will be held in trust for him until he arrives at his majority."

By the language of this provision a contingent trust is created in favor of the nephew in all the residue of the estate, and it is not to become operative until after the death of all the previous beneficiaries, five in number, and the effect of the provision is to suspend the absolute power of alienation of the property covered by it until the decease of these five persons, and, also, in case the nephew be not then of age until he shall attain his majority. The court below was, therefore, right in holding the trust for the nephew to be in violation of the statute. But it does not necessarily follow under the more modern authorities of this state that the antecedent trusts are for that reason void. To have that effect it must appear that the invalid trust is by the scheme of the will so far interwoven with those which preceded it that the intention of the testator could not be carried out in respect of either of the trusts, if the one in favor of the nephew be dropped. It is now the settled rule of this state that where an estate is vested in trustees upon several trusts, one or more of which is valid and another void, the latter will be rejected, and the estate of the trustees upheld to the extent necessary to enable them to execute the valid trust (*Savage* agt. *Burnham*, 17 *N.*

*Y.*, 561; *Van Schryver* agt. *Mulford*, 59 *N. Y.*, 520; *Harrison* agt. *Harrison*, 36 *N. Y.*, 543; *Monarque* agt. *Monarque*, 80 *N. Y.*; 320).

Applying this rule to the case, the invalidity of the last trust is not to be allowed to affect those which precede it, in case the trusts are separable within the rule of the authorities cited. We concur with the learned judge below that they are of that character.

It is argued with much force and ingenuity that under these several trusts, commencing upon the death of the father and the death of Mrs. Varian, the brother and the two sisters take a joint interest in the whole fund and that upon the decease of either one, the surviving two take his or her share, and upon the death of two, the last survivor takes the whole interest for life. But the language does not warrant that construction. It expressly directs that the interest of the father and of Mrs. Varian upon their respective deaths shall be divided between Frederick, Elizabeth and Alice, share and share alike for life, and no words are used which, by necessary import, would create any interest by survivorship.

The argument, however, receives some support from the fact that the trust in favor of the nephew does not become operative by the language of the provisions until the death of all the preceding beneficiaries. This is supposed to have some effect in the consideration of the question whether the interest taken by the brothers and sisters is not a joint instead of a several one. This is answered, however, by the fact that the trustees being vested with the whole residuary estate for the purpose of the several trusts, upon the termination of each separate trust in favor of the brother and the sisters, must continue to hold his or her separate interest for the benefit of the last trust in favor of the nephew as a part of the trust fund to be affected whenever that second trust in favor of each brother or sister terminates by his or her death. The fund would remain if the last trusts were valid in the hands of the trustees to await its operation.

Leavitt agt. Wolcott.

Some of the numerous authorities cited by the learned counsel for the appellant would seem to require the construction that the trust in favor of the brothers and sisters are joint and not several, but we think they should not be held to overcome the force of language used, which by us must be held to indicate the testator's intent. This intent is to control the character of each of the trusts, and it seems clear that he designed that neither brother or sister should take more than one-third of the interest given to the father or to Mrs. Varian. No other construction completely satisfies the language used. It is altogether improbable that he intended instead of creating a joint tenancy with survivorship that the trust in favor of the nephew should become operative *pro tanto* upon the death of either of the brothers or sisters. Without examining the authorities in detail, we need only add that in our opinion, so far as they are in conflict with the authorities of this state already referred to, they must be regarded as overruled.

We have intended to do nothing more by this opinion than simply to indicate the ground upon which we put our decision, which is, in substance those indicated by the opinion of the court below.

The judgment should be affirmed, with costs of all the parties to be paid out of the fund.