Matter of the Judicial Settlement of the Account of Proceedings of FRANK R. ABBEY, as Surviving Executor of and Trustee under the Last Will and Testament and Codicil Annexed of SYLVANUS T. WHITE, Deceased.

(Surrogate's Court, Kings County, January, 1917.)

Wills — provisions of — devise to trustees — codicil — application for further directions.

An entire estate was devised to trustees to pay the income therefrom to testator's wife for life and, in the event of her death before their daughter, all the income was payable to her for life and in the event of the death of the wife, and of the daughter without issue, the trustees were directed to pay the estate to the legal representatives of testator then living. *Held,* that the provisions of a codicil revoking the bequest to testator's said legal representatives and directing that in case his son-in-law survived his wife, testator's daughter, the entire income of the estate should be paid to him and at his death the estate paid to testator's legal representatives then living, so far as they sought to extend the trust for a third life, were void; that the provisions of the will by which the trust estate was suspended for two lives were valid; that the trust fund must remain in the hands of the trustees during the life

of testator's daughter and upon her death any party in interest may apply for further directions with respect to said trust fund.

PROCEEDINGS upon the judicial settlement of a surviving executor and trustee.

George V. Brower, for executor and trustee.

George S. Ingraham, for Anna Bertha Rice and Marjorie M. Rice.

William Seward Allen, for Frances Louise Allen.

William J. Mahon, special guardian for Eleanor Brown, Frances Brown and Otis Overton, infants.

KETCHAM, S. The will under which this accounting is made contains a devise of the testator's estate to trustees, among other things, for the following purposes:

" To pay the income received therefrom to my wife, Ella Louise White, for and during her natural life. In the event of the death of my said wife before my daughter, Frances Louise Abbey, then, to pay all the income received from said estate to my said daughter Frances Louise Abbey, for and during her natural life. In the event of the death of my said wife, and of my said daughter without issue, then I direct that my said estate be paid to my legal representatives then living."

This was modified by the codicil, which reads as follows: " I hereby revoke that portion of the above will giving my estate to my legal representatives, and do hereby will that in case my son-in-law Frank R. Abbey survive his wife (Frances Louise Abbey), my daughter, that in that event the entire income of my

estate be paid to the said Frank R. Abbey, and at his death my estate be paid to my legal representatives then living.''

The construction of the will and codicil is not controlled by section 43 of the Real Property Law, which provides: '' * * * Where a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto shall be void, and on the death of those persons, the remainder shall take effect, in the same manner as if no other life estates had been created.''

This section is made applicable to limitations of future or contingent interests in personal property (Pers. Prop. Law, § 11), but it relates only to legal estates, and is not available for the interpretation of a trust. *La Farge* v. *Brown,* 31 App. Div. 542, and cases cited.

But the instruments under examination present a typical case for the application of the rule: '' When the several parts of a will are so intermingled or interdependent that the bad cannot be separated from the good, the will must fail altogether; but when it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid, and to preserve the general plan of the testator, such a construction will be adopted as will prevent intestacy, either partial or total, as the case may be.'' *Kalish* v. *Kalish,* 166 N. Y. 368, 375, containing a general collection of authorities on the subject. See, also, treatment of the *Kalish* case in 15 N. Y. Ann. Dig. 1218.

There remain serious questions as to the ultimate destination of the remainder in this trust, but these cannot be now considered. It is enough if the decree shall proceed upon a finding that the provisions of the

codicil, so far as they seek to extend the trust for a third life, are void; that the provisions of the will by which the trust estate is suspended for two lives are valid, and that the fund must remain in the hands of the trustee during the life of the beneficiary, Frances Louise Abbey. Upon the death of the last-named beneficiary any party may apply for further direction with respect to the fund.

Decreed accordingly.