In the Matter of the Judicial Settlement of the Account of Proceedings of FRANK R. ABBEY, as Surviving Executor of and Trustee under the Last Will and Testament and Codicil Annexed Thereto of SYLVANUS T. WHITE, Deceased.

FRANCES LOUISE ABBEY, Appellant; FRANK R. ABBEY, as Surviving Executor and Trustee, and Others, Respondents.

Second Department, February 1, 1918.

**Will — trust — suspension of power of alienation — when codicil extending trust for third life may be disregarded.**

Where the general scheme of a will contemplated a trust for the lives of the testator's wife and daughter, but was subsequently extended by a codicil so as to include the life of a son-in-law if he survived his wife, the provision for the son-in-law may be disregarded in so far as it extends the trust for the third life in violation of the statute, and the remainder of the trust declared valid, the original scheme of the will being thereby left intact.

APPEAL by Frances Louise Abbey, sole heir at law and next of kin, from parts of a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 3d day of May, 1917.

The will of Sylvanus T. White, deceased, contained among other things a devise of his estate to trustees for the following purposes: " To pay the income received therefrom to my wife, Ella Louise White, for and during her natural life. In the event of the death of my said wife before my daughter, Frances Louise Abbey, then, to pay all the income received from said

estate to my said daughter, Frances Louise Abbey, for and during her natural life. In the event of the death of my said wife, and of my said daughter without issue, then I direct that my said estate be paid to my legal representatives then living." This was modified by a codicil which read as follows: " I hereby revoke that portion of the above will giving my estate to my legal representatives, and do hereby will that in case my son-in-law, Frank R. Abbey, survive his wife (Frances Louise Abbey) my daughter, that in that event, the entire income of my estate be paid to the said Frank R. Abbey, and at his death my estate be paid to my legal representatives then living."

At the date of testator's death, his wife, his daughter and his son-in-law were all alive. His wife subsequently died intestate. The decree, among other things, adjudged " that the provisions of the codicil so far as they seek to extend the trust for a third life, to wit, Frank R. Abbey's, are void " and " that the provisions of the will by which the trust estate is suspended for two lives, to wit, Ella Louise White's and Frances Louise Abbey's, are valid."

*William S. Allen,* for the appellant.[1]

*George S. Ingraham,* for the respondents Rice.

*William J. Mahon,* special guardian, for the respondents Eleanor Brown and others.

JENKS, P. J.:

We think that the rule of *Kalish* v. *Kalish* (166 N. Y. 368, 375) was applied properly to this case. In view of the appellant's contention that the rule was not to be extended to the case at bar, we cite *Underwood* v. *Curtis* (127 N. Y. 523); *Harrison* v. *Harrison* (36 id. 548); *Matter of Hitchcock* (176 App. Div. 326); *Leavitt* v. *Wolcott* (65 How. Pr. 51, affg. VAN VORST, J., at Special Term).

The general scheme of the will contemplated a trust for the lives of the testator's wife and daughter that was subsequently extended by the codicil so as to include the life of the son-in-law if he survived his wife. The excision by the court of the provision for the son-in-law left intact the original scheme, within the language of the Court of

Appeals in the *Underwood* case (*supra*): " This can be done without in any manner interfering with the general scheme adopted by the testator for the disposition of his property. On the contrary, it is in furtherance of his wish to as great an extent as the courts may · be permitted to go." (See, too, *Van Schuyver* v. *Mulford,* 59 N. Y. 426; approved in *Tilden* v. *Green,* 130 id. 50.)

The opinion of Surrogate KETCHAM makes any further discussion unnecessary. We are in accord with the view taken by him (98 Misc. Rep. 506).

The decree of the Surrogate's Court of Kings county, in so far as appealed from, is affirmed, with costs, and an allowance to the special guardian, to be paid out of the estate.

THOMAS, RICH and BLACKMAR, JJ., concurred.

Decree of the Surrogate's Court of Kings county, in so far as appealed from, affirmed, with costs, and an allowance to the special guardian, to be paid out of the estate. Order to be settled before the presiding justice.