ALICE J. TIERS, APPELLANT, *v.* ALEXANDER H. TIERS, RESPONDENT.

*Will — trusts — when the power of alienation is not unlawfully suspended — when the validity of a trust cannot be passed upon, because the persons to be affected by the decision cannot be ascertained and made parties.*

The defendant's testatrix devised all her residuary estate to her executors and directed them to divide it into six equal parts, and to invest and hold four of the said equal six parts in trust for four of her children, the income thereof to be paid to them severally during their respective lives. Upon the death of any child the share held for it was to be conveyed and transferred to its children on their attaining the age of twenty-one, and to the lawful issue of any such children who may be deceased at the time of their parent's death; but if any

such child should die before the age of twenty-one without leaving lawful issue, then its share should become and form part of the residuary estate for the benefit of all the children, in the same share and under the same trusts and limitations as were provided in the will, in all respects as if such share or portion had been included and formed part of the original division.

The succeeding clause of the will provided that in case either of the said children died without issue, but leaving a husband or wife surviving, then the net income of the share of the child so dying should be paid to the surviving husband or wife during his or her life, the principal of the share to be divided upon his or her death according to the terms of the will.

*Held,* that the main trust, providing for the payment of the income of each share to one of the children for life, and for the transfer of the principal thereof, after the child's death, to his issue, or in default thereof to the survivors as a part of the residuary estate, was valid.

That the validity of the provision made for the support of a surviving husband or wife could not be determined in this action, as such surviving husband or wife was not, and could not, be made a party thereto, and was not represented by any of the other parties.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at a Special Term.

The defendant's testatrix Esther L. Tiers left her surviving six children, her only heirs-at-law, viz., Edward W., Francis H., Agnes L., Joseph L., Cornelius and Alexander, all of whom were of full age. The plaintiff, the assignee of Joseph L., brought this action to have the will set aside. The portion of the will alleged to be invalid was contained in the third and fourth clauses. By these clauses the testatrix devised all the residue of her estate to her executors " in trust, nevertheless to divide the same into six equal parts, and to grant convey, assign and transfer one of said equal six parts to my son Cornelius Tiers, his heirs and assigns, absolutely, and another of said equal six parts to grant, convey, assign and transfer to my son Alexander H. Tiers, his heirs and assigns, absolutely, and the remaining four equal sixth parts to lease or invest the same, or the proceeds thereof, and to keep the same leased and invested, and receive and collect the net income thereof, and to pay and divide the same among my sons Edward W. Tiers, Francis H. Tiers and Joseph L. Tiers, and my daughter Agnes L. Miles, in equal shares equally during their several and respective natural lives, and so that the same shall not be liable for or subject to their respective debts, contracts or engagements, not subject to the control of any husband my said daughter Agnes L. Miles may at any time have, and upon their several and

respective deaths to convey, assign and transfer the shares of the principal of my said residuary estate, producing the income of the one so dying to his or her child, or children, upon their arriving at the age of twenty-one years, and to the lawful issue of any such children who may be deceased at the time of his, or her or their parent's death; but if any such children should die before the age of twenty-one years, and without leaving lawful issue, then the share or portion of the one so dying shall become and form part of my residuary estate for the benefit of all my children, in the same share and under the same trusts and limitations as are provided in this clause of my will, in all respects as if such share or portion had been included and formed part of the original division. In the event of either of my sons, Edward W. Tiers, Francis H. Tiers or Joseph L. Tiers, dying without issue, but leaving a wife surviving, then the net income of the share of the one so dying shall be paid to their surviving wife during the term of her natural life, if she shall so long remain a widow, but upon the marriage or decease of such widow the principal producing such income shall be divided according to the terms of this my will; and if my daughter Agnes L. Miles shall die, leaving her husband surviving and no children, the net income of her share shall be paid to him during his natural life, and after his death the principal producing such income shall be divided according to the terms of this my will."

*Edward Gebhard*, for the appellant.

*R. D. Harris* and *Ludlow Ogden*, for the respondent.

DANIELS, J.:

This case was brought under authority of section 1866 of the Code of Civil Procedure, to determine the validity and construction of a will for the testamentary disposition of her property, made by Esther L. Tiers, deceased. The plaintiff was not one of the beneficiaries under the will, but claimed to be entitled to a portion of the property affected by it, under an instrument delivered to her by her husband in form conveying and transferring his interest in the devised property to her, and to maintain the action she insisted that the devise of the estate of the testatrix to the executors and trustees named in her will was void, and that she was entitled to recover an

undivided sixth interest in the estate. This position was taken by her upon the ground that the will provided for an unlawful suspension of the power of alienation in the property which the testatrix, by means of it, devised to her executors. At the time of her decease, she left her surviving five sons and one daughter, and she devised to each one of two of her sons an equal sixth part of her estate. The remaining four-sixths were devised in trust to the executors to keep the same leased, and receive and collect the net income thereof and pay and divide it among her other three sons and her daughter in equal shares during their several and respective natural lives, and upon their several and respective deaths to convey, assign and transfer the shares of the principal producing the income of the one dying to his or her child or children, upon their arriving at the age of twenty-one years, and the lawful issue of any such children deceased at the time of his or her or their parents' death. If was further declared that if any of such children should die before the age of twenty-one years without leaving lawful issue, then the share of the one dying should become and form part of the residuary estate for the benefit of the children of the testatrix, in the same share and under the same trusts and limitations in all respects as if such share had been included and formed part of the original division. These directions, under the statute, made a legal disposition of the property of the testatrix for and during the period of the respective lives of her children. It was a valid trust, for the executors were to receive the rents and profits during the lives of these designated persons and apply them to their respective use and maintenance. (2 R. S. [6th ed.], 1106, § 55, sub. 3.)

These directions provided for no unlawful suspension of the power of alienation, for they divided the remainder of the estate into shares, and one of these shares was expressly devoted to the benefit of each one of the beneficiaries. And under the will the validity of the directions given must, be determined by their application to these distinct and severed interests (*Post* v. *Hover*, 33 N. Y., 593; *Monarque* v. *Monarque*, 80 N. Y., 320); and by no possibility could these trusts, as to either of the shares, extend beyond the life of the person first to be benefited, and of the survivors contingently to be benefited in consequence of the decease of any one of the children mentioned before the age of twenty-one years, leaving no

lawful issue. The income of each share in the first instance was to be applied to the support of the son or daughter for whom it was given to the executors, and upon the decease of either son or daughter then his or her share was to be conveyed, assigned and transferred to his or her child or children upon their arriving at the age of twenty-one years, and the lawful issue of any such children who might be deceased at the time of his or her or their parents' death. In this event the share would become absolutely vested on the decease of the son or daughter for whom it was created. And the trust accordingly for each share under this construction would extend only through the life of the person for whose benefit it was created. If, however, any of the children to whom this ultimate disposition is to be made shall die without lawful issue before the age of twenty-one years, then the share or portion of the one so dying is directed to be added to the residuary estate for the benefit of all of the testator's children, in all respects the same as if that part of the estate had been included in the original division. The effect of this clause would be to give to each of the survivors in trust, one-third of the share of the child or children who should fail to become entitled to participate in the property by his or her decease without issue, and before their arrival at the age of twenty-one years, and that would extend the trust in that portion of the property of the testatrix during the respective lives of these surviving beneficiaries, but under the directions which were given the survivors would be entitled to the benefit of each share of the property so secured to them distinct and separately from each other, and the consequence would therefore be that the trust controlled by this construction would not extend beyond the period of two lives in being at the time of its creation, and it would not be in contravention therefore of any of the restraints of the statutes upon this subject. This would exhaust the estate as to the children of the testatrix, and as the directions given upon this subject are primary in their character, and separate and distinct and in no manner dependent upon any others contained in the will, these trusts would be valid and legal even if those afterwards directed cannot be carried into effect. (*Harrison* v. *Harrison*, 36 N. Y., 543.) And as they were legal, the trustees were disabled from conveying or charging the estate vested in them to sustain the trusts,

and the persons beneficially interested were also disabled from assigning or in any manner disposing of their interests. (2 R. S. [6th ed.], 1110, §§ 76–78.) After the cessation or expiration of these trusts the child whose share shall be exhausted can under these directions have no further interest whatever in the estate of the testatrix, and as the trusts to this extent are supported by the statute, no right or interest whatsoever was transferred to the plaintiff by the instrument executed and delivered to her by her husband.

The reason assigned in support of the proposition that the will provided for an unlawful suspension of the power of alienation was that on either of the sons or daughter dying without issue, then the trust was directed to be continued for the benefit and through the life of his or her surviving wife or husband as the case might be. And as the person so dying might marry a person not in being at the death of the testatrix, this direction might extend this part of the trust beyond the expiration of two lives in being at the decease of the testatrix, and therefore be in conflict with the provisions of the statute upon this subject. (2 R. S. [6th ed.], 1101, §§ 14, 15.) Whether this result might follow or not is not a point now to be determined, for if this direction is unauthorized then the estate of the son or daughter so dying will vest in the legal heirs of the testatrix as an absolute legal estate. And to recover it or determine the right to it, the surviving wife or husband of the deceased owner of the share would be a necessary party to the controversy. And as that person may not now be living and consequently cannot be made a party to this action, the determination of the controversy must be relegated to that time.

It is not now and cannot be a point before this court. It may never arise, and will not unless the persons entitled to the rents and profits of either of the shares shall die without a child or children to whom the share can be absolutely transferred. As the case now stands, that contingency is too remote for consideration, and whether it will arise or not can only be known after the decease of one of the persons provided for by the will, and that decease taking place without issue. For all the present purposes of administering the estate, it has been legally vested in the executors and will continue so during the life of the person for whom each respective share has been provided by the will, or for whom any contingent interest has

been declared dependent upo the decease of any of his or her children without lawful issue before the attai..ment of the age of twenty-one years.

The judgment was warrant.d by the circumstances and it should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.