ALICE J. TIERS, Appellant, *v.* ALEXANDER H. TIERS et al., as Executors and Trustees, etc., Respondents.

The will of E. gave her residuary estate to her executors in trust to divide the same into six equal parts, to invest four of them, and to receive and pay the net income thereof in equal shares to four children of the testator, named, during their lives, and upon their deaths, respectively, " to transfer the share of the one so dying to his or her child or children upon arriving at the age of twenty-one, and to the lawful issue of any child who may be deceased." The will then provided "if any such children should die before the age of twenty-one, and without having lawful issue, then the share or portion of the one so dying shall become and form part of my residuary estate for the benefit of all my children." At the time the will was executed, all but one of the four children were of age, and at the time of the death of the testatrix, all were of age. In an action for the construction of the will, *held*, that it

created a separate trust as to each of the four shares, to continue during the lives of the beneficiaries respectively, with remainders to their respective children or issue; and that the disposition was thus far valid; that the words " such children" in the last clause referred to the children of the benficiaries named, not to the beneficiaries themselves; but in any event that as the ulterior contingent limitation so created was separable from, and merely incidental to, the primary trust, its failure did not affect the validity of such trust.

In the event of the death of either of the sons of the testatrix so named as beneficiaries, leaving a widow, the will provided that the net income of the share of the one so dying should be paid to his widow during her life, etc. One of the sons was unmarried at the time of the death of the testatrix. *Held*, that if the contingent limitation over after his death was void, the primary disposition in trust for his benefit was not disturbed, nor were the other dispositions of the will thereby affected; and that, therefore, the share, to the income of which said son was entitled, was not alienable during his life, and a deed thereof from him conveyed nothing.

(Argued February 10, 1885 ; decided April 14, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 7, 1884, which affirmed a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 32 Hun, 184.) ✓

This action was brought to obtain a judicial construction of the will of Esther L. Tiers, deceased.

The clauses of the will in question were as follows:

" *Third*. All the rest, residue and remainder of my estate real, personal and mixed, of whatsoever kind and wheresoever situate  *  *  *  I do give, devise and bequeath unto my executors, hereinafter named, or the survivor of them, their heirs and assigns, or the heirs and assigns of such survivor, *in trust*, nevertheless to divide the same into six equal parts, and to grant, convey, assign and transfer one of said equal six parts to my son, Cornelius Tiers, his heirs and assigns, absolutely ; and another of said equal six parts to grant, convey, assign and transfer to my son, Alexander H. Tiers, his heirs and assigns, absolutely ; and the remaining four equal sixth parts to lease or invest the same, or the proceeds thereof, and to keep the same leased and invested,

and receive and collect the net income thereof, and to pay and divide the same among my sons Edward W. Tiers, Francis H. Tiers and Joseph L. Tiers, and my daughter Agnes L. Miles, in equal shares equally during their several and respective natural lives, and so that the same shall not be liable for, or subject to, their respective debts, contracts or engagements, not subject to the control of any husband my said daughter Agnes L. Miles may at any time have; and upon their several and respective deaths to convey, assign and transfer the shares of the principal of my said residuary estate, producing the income of the one so dying to his or her child, or children, upon their arriving at the age of twenty-one years, and to the lawful issue of any such children who may be deceased at the time of his or her or their parent's death; but if any such children should die before the age of twenty-one years, and without leaving lawful issue, then the share or the portion of the one so dying shall become and form part of my residuary estate for the benefit of all my children, in the same share and under the same trusts and limitations as are provided in this clause of my will, and in all respects as if such share or portion had been included and formed part of the original division.

"*Fourth.* In the event of either of my sons, Edward W. Tiers, Francis H. Tiers or Joseph L. Tiers dying without issue, but leaving a wife surviving, then the net income of the share of the one so dying shall be paid to their surviving wife during the term of her natural life, if she shall so long remain a widow, but upon the marriage or decease of such widow the principal producing such income shall be divided according to the terms of this my will; and if my daughter Agnes L. Miles shall die, leaving her husband surviving, and no children, the net income of her share shall be paid to him during his natural life, and after his death the principal producing such income shall be divided according to the terms of this my will."

All of the children of the testatrix were of full age at the time of her death, and all but one at the time the will was executed; her sons Edward and Francis were married. Joseph was unmarried. Plaintiff claimed under a deed from him, pur-

porting to convey all his interest in the estate. She claimed that the trust sought to be created by the will was void, because it unlawfully suspended the power of alienation, and that she was entitled, under her deed, to one-sixth of the estate.

*Edward Gebhard* and *Wm. H. Arnoux* for appellant. The will suspends the power of alienation and the absolute ownership of property for a longer period than two lives in being. (41 N. Y. 328; *Adams* v. *Perry*, 43 id. 499; *Knox* v. *Jones*, 47 id. 397; 29 id. 39; 4 Kent's Com. 283; 16 Wend. 16; 7 Paige, 521; 24 Wend. 641; *Schettler* v. *Smith*, 41 N. Y. 335.) It is not sufficient that an estate may vest within the time allotted; the rule requires that it must. (Randall on Prop. 49; Bouvier's Dictionary, tit. "Perpetuities"; 67 N. Y. 348.) Whether the trust suspends the power of alienation of real estate, or the absolute ownership of personal property, the rule is the same. (1 R. S. 723, 773.) This will attempted to create a trust and sought to vest the property therein conveyed in trustees nominated. No estate passed to the beneficiaries. They could only have taken under it equitable interest dependent upon the trust. If the trust is void the equitable interests necessarily fall with it. (*Woodruff* v. *Cook*, 61 N. Y. 638; *Amory* v. *Lord*, 5 Seld. 403; Jarman on Wills, chap. 44; *Post* v. *Hover*, 33 N. Y. 599; *Hobson* v. *Hale*, 95 N. Y. 588.)

*R. D. Harris* and *Ludlow Ogden* for respondents. The four portions in trust were in separate shares and were separate and distinct trusts as to each share. (*Mason* v. *Mason*, 2 Sandf. Ch. 432; *Savage* v. *Burnham*, 17 N. Y. 561; *Moore* v. *Hegeman*, 72 id. 376; *Purdy* v. *Hayt*, 92 id. 447; *Stevenson* v. *Lesley*, 70 id. 512; *Depeister* v. *Clendening*, 8 Paige, 295; *Monarque* v. *Monarque*, 80 N. Y. 324; *Everett* v. *Everett*, 29 id. 74.) The ulterior limitations over may be dropped, and the primary dispositions of the estate allowed to stand. (*Harrison* v. *Harrison*, 36 N. Y. 543.) A trust created for two purposes, one lawful and the other unlawful, is good for the lawful purpose,

though void as to the unlawful one. (*Harrison* v. *Harrison*, 36 N. Y. 543.) If the purposes of a trust are separate, and some of them must arise within two lives, and there are others which can only become operative after the expiration of the two lives, the former may be sustained, but the latter cannot be. (*Post* v. *Hover*, 33 N. Y. 593.) Where property is vested in trustees upon various trusts, some of which are valid and others void, the courts must separate those which are legal and valid, if they can be separated, from those which are illegal and void. (*Vail* v. *Vail*, 7 Barb. 227.) When a limitation is made to take effect on two alternative events, one of which is too remote, and the other valid, as within the prescribed limits, although such limitation is void, so far as it depends on the remote event, it will be allowed to take effect on the happening of the alternative one. (*Schettler* v. *Smith*, 41 N. Y. 328 ; Lewis on Perp. 501, 502.)

RAPALLO, J. The trust in the third clause of the will as to four of the six equal parts into which the testatrix directed her residuary estate to be divided, created a separate trust as to each one of the four shares, to continue during the lives of the beneficiaries respectively. (*Savage* v. *Burnham*, 17 N. Y. 561 ; *Moore* v. *Hegeman*, 72 id. 376 ; *Purdy* v. *Hayt*, 92 id. 447.) On the death of each of the four beneficiaries, his or her share was directed to be conveyed or transferred to his or her children or issue upon arriving at the age of twenty-one years.

No valid objection can be raised to this disposition. The only questions arise upon the ulterior contingent remainders. The third clause, after directing that upon the death of each of the beneficiaries first named, the share of principal producing the income of the one so dying, be transferred to "his or her child or children" upon their arriving at the age of twenty-one years, and to the lawful issue of any of "such children" who may be deceased at the time of his or her or their parent's death ; but if any "such children" should die before the age of twenty-one years and without leaving lawful issue, then the share or portion of the one so dying shall become part of the

residuary estate of the testatrix for the benefit of all her children in the same share and under the same trusts and limitations as provided in the third clause. This direction is quite obscure, but we think that its correct interpretation is that the "children" referred to are the children of the first-named beneficiaries and not the beneficiaries themselves, who, although children of the testatrix, are mentioned in the will by their respective names and are nowhere designated by the general appellation of "children." The ordinary rule would require that the words "such children" be deemed to refer to the last ante-cedent with which they connect, which is, in this case, the children of the sons and daughter of the testatrix, and there would be difficulty in holding them to have reference to the children of the testatrix, for it appears that these were all of age at the time of her death, and all but one were of age at the date of the execution of the will. The language "if any such children should die before the age of twenty-one years," etc., would hardly have been used by the testatrix if she had intended to refer to her own children. But whatever construction be adopted in this respect, it is very evident that the ulterior contingent limitation is quite separable from the primary trust, and merely incidental, its only purpose being to provide for a contingency which may never arise, and the failure of that provision would not affect the general scheme of the testatrix. In such cases the rule is quite well settled that an ulterior limitation, though invalid, will not be allowed to invalidate the primary dispositions of the will, but will be cut off in the case of a trust which is not an entirety, as well as in the case of a limitation of a legal estate. (*Harrison* v. *Harrison*, 36 N. Y. 543; *Savage* v. *Burnham*, 17 id. 561; *Manice* v. *Manice*, 43 id. 303, 383, 384; *De Kay* v. *Irving*, 5 Denio, 646; *Knox* v. *Jones*, 47 N. Y. 389.) The other contingent limitation is contained in the fourth clause of the will, which limits a trust term for the life of any widow of either of the three sons of the testatrix named in that clause, in the event of his dying without issue. Such a limitation was held void in *Schettler* v. *Smith* (41 N. Y. 328) where the son being unmarried at the

testator's death, it was possible that he might marry a person not in being at the time of the creation of the estate, and she might survive him, and the validity of the disposition could not be made to depend upon the event. But though the contingent limitation over after the death of the unmarried son was held void, the primary disposition in trust for his benefit was not disturbed, nor were the other dispositions of the will held to be affected.

On these grounds we conclude that the trust during the lives of the three sons and the daughter of the testatrix was a valid trust of one-fourth for each, terminable as to each one at his or her death. That consequently the share of which Joseph L. Tiers was entitled to the income, was inalienable during his life, and the plaintiff took nothing by her deed from him.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.