Daniels, J.
The plaintiff, who is one of the sons and heirs at law of Margaret Van Brunt, deceased, commenced this action for the partition of real estate, situated in the oity oi Hew York. To maintain the action it was necessary *888 for Mm to establish the invalidity of her will which has. been set forth in, and made a part of the complaint. By this will after maMng certain bequests, she devised all the rest and residue of her personal property, and all her real estate, to her executors in trust, in the first instance, for her children for life, then for their respective surviving husbands, and wives, and after the decease or re-marriage of the husband or wife of either of her children then for the child or children of the first life tenant in trust during his or their minority or in case of no such issue, then to her own surviving children. These trusts were provided for by her in the following paragraph of her will.
“All the rest and residue of my personal property, and all my real estate of which I may die seized, I give, devise and bequeath to my executors hereinafter named in trust to collect the rents, issues, profits and income therefrom, and pay over the same to my children herein named, share and share alike, at such times, in such manner and in such amounts as my said executors shall deem most prudent, for and during each of their natural lives, free from any claim or demand that may be held against any of them by any creditor or creditors; and after their decease to their respective wives or husbands during their lives or until they re-marry, also at such times, in such manner and in such, amounts as my said executors shall deem most prudent. If any of my said children should die without issue and without leaving a husband or wife, him or her rurviving, then I give, devise and bequeath his or her share to the survivor or survivors of them, share and share alike. If he or she-leave a husband or wife him or her surviving, then I give, devise and bequeath his or her share to the survivor or survivors of my said children, share and share alike, after the decease or re-marriage of said husband or wife.
If any of my said children die, leaving issue, said issue-shall represent their parent, per stirpes and not per capita, and receive their parents’ share of said rents, profits, issues and-income, after the decease or re-marriage of their father or mother, at such time, in such manner and in such amounts as my said executors shall deem most prudent, until they arrive at the age of twenty-one years, (21) when, their interest shall be given to them, to be held and enjoyed by them, their heirs and assigns forever.” And they have been assailed by the plaintiff as creating perpetuities, and rendering the will illegal and inoperative. This objection has been made 'to bring the action within section 1537 of the Code of Civil Procedure, permitting a person claiming to be entitled, as a joint tenant, or tenant in common, by reason of being an heir of a deceased person holding and in possession of real property, to maintain an action for the *889 partition thereof, even though he is himself out of possession, and notwithstanding the devise to another by the decedent, by alleging and establishing the fact that the apparent devise is void.
The objection raised for reaching this result is that the secondary trusts declared for the surviving husbands or wives of the children of the testatrix, may include persons not in being at her own decease, by extending and providing for a husband or wife, surviving after one or more husbands or wives of the same child may have previously died.
This, however, if the court should agree with the counsel for the plaintiff, will not annul or in any manner invalidate the trusts created by the will for the benefit of the children of the testatrix for their respective lives. This trust for them is not joint, but is a several trust in favor of each one of the children. Each beneficiary is entitled by the will to an equal share in the rents and profits of the estate, subject to control only as to amounts and times of payment over the respective shares by the executors, as they may consider it most prudent to exercise for the benefit of the recipient. It is dependent upon no preceding or subsequent trust. But it is entirely distinct and independent in and of itself, and having been legally provided, it cannot be rejected or set aside, even though in a subsequent direction of the will, another trust may have been created or provided for, which may prove incapable of being sustained under the provisions of the statute. Tiers v. Tiers, 32 Hun, 184; affirmed 98 N. Y., 568; Ward v. Ward, 105 N. Y., 68; 6 N. Y. State Rep., 798; Van Schuyver v. Mulford, 59 N. Y., 426.
For the period of the lives of each of the children of the testatrix, a valid trust has been created and declared in his or her favor.
If the residue of the provisions declaratory of the succeeding trusts should be considered by themselves and condemned as unlawful, under the authority of Schettler v. Smith (41 N. Y., 328), then the plaintiff would inherit a share of the real estate of the testatrix, subject to the first trust in remainder, and he might in that event maintain an action as a remainder in and under section 1533 of the Code of Civil Procedure, for the partition of the property, subject to the execution of the first trust. And his action would not be defeated, because a sale would probably be necessary on account of the property being incapable of division, for, before that could be directed, he might obtain the written consent of the other parties in interest, and in that manner secure a legal disposition of the property.
*890 But it is not necessary to examine, with any degree of particularity, the directions contained in the will for the succeeding trusts in favor of the surviving husbands or wives. If those directions were considered unlawful by themselves, they might have the effect of invalidating the succeeding trusts to take effect upon the decease or re-marriage of the surviving husbands or wives, by reason of their providing for an unlawful suspension of the power of alienation. But they do not suspend that power. For by the next clause in the will the testatrix authorized and empowered her executors, hereinafter named, at any time when, in their judgment, it,may be advisable to do so, to sell any part or all of my said personal and real estate in the last preceding paragraph referred to, and invest the proceeds arising therefrom in some good, safe and sufficient security. This gave the executors an absolute power to dispose of the title to the real estate, and there consequently were and are persons in being having the power to convey and dispose of that title to the property. And where that appears to be the fact, then there is no such suspension of the power of alienation as the statute has condemned. 2 R. S. (6th ed.), 1101, sec. 14; Robert v. Corning, 89 N. Y., 235; Garvey v. McDevitt, 72 id., 556.
It is not necessary to decide whether or how far these later trusts will be capable of being legally sustained after becoming, if they ever shall be, dependent upon the proceeds of the sales of the real estate which may be disposed of under this power. For the determination of that controversy would in no manner aid or promote the success of the plaintiff’s action. His suit affects the real estate, not its proceeds, after it shall have been converted into money. And as it cannot be sustained because of the fact that no-unlawful suspension of the power of alienation has been provided for by the' will, it follows that he was rightly defeated in his action.
It was, however, inequitable to make an order for an additional allowance of costs in the action. It was shown by the affidavit of the plaintiff’s attorney that the plaintiff was in poor health, having a wife and two children dependent upon him, and in somewhat straitened circumstances, and probably brought the action in good faith, to test the right of the heirs to a division of the real estate of their mother. The case was not an unusual one, nor specially difficult, -and the allowance should not have been made. It is not the policy of the sections of the Code empowering the courts to make allowances to permit them to-be inflicted by way of penalties upon parties in needy or even moderate circumstances seeking the aid and assistance of courts of justice. To apply the sections to that end *891 would be to close the doors of the courts to many of this class of persons. For the risk of these additional costs will often be so great as to induce a party believing himself to have a good right of action, to avoid the courts, and abandon it rather than meet the chances of so much expense as to be oppressive in case of an adverse result. That impression should not be allowed to be produced in the mind of any party who may believe that he has just grounds for redress, or equally just and proper grounds by way of defense. With persons in affluent circumstances, the exercise of the authority is of little consequence, but to these others, who are much the larger class of the community, it is often not only discouraging but may prove impoverishing, and the law should not be administered, as long as its authority is entirely discretionary, in such a manner as to be productive of that end.
The case of Conaughty v. Saratoga Bank 92 N. Y., 401) has nothing whatever to do with the appeal from this order. For it decides no more as to its appealability than that the court of appeals cannot review the exercise of discretion involved in the making of an order for an allowance; while in this court it is its duty to review every order that may affect a substantial right, although the court in making it is required to exercise its discretion. And an order providing for the payment of a sum of money by a party does affect a substantial right.
The judgment from which the appeal has been taken should be affirmed, with costs, while the order should be reversed, with ten dollars costs besides the disbursements.
Van Brunt, Oh. J., and Brady, J., concur.