quiescence of the judgment debtor, and that the executrix of the Hallenbeck estate, on whose application the order appealed from was granted, has no proper standing in court to make the motion until a levy has been made under her judgment. The contention is untenable. The issuing of an authorized and valid execution is essential to the conferring of jurisdiction upon the judge to make the order or warrant by which the proceedings are instituted, and only the judge upon whom that power is conferred by the Code of Civil Procedure may grant the order. The fact that no proper execution had been issued was apparent upon the face of the affidavit presented on the application for the judgment debtor's examination. The cases holding that only the judgment debtor may take advantage of irregularities in the proceeding have no application. The executrix, having a claim which, if valid, would clearly entitle her to the possession of the property, and having recovered a judgment which would entitle her to issue execution and to institute proceedings supplementary thereto, had abundant standing in the premises to justify an application to vacate an appointment which, until vacated, tended to vest the title to the property in the receiver. See Stiefel v. Berlin, 28 App. Div. 103, 51 N. Y. Supp. 147, and cases cited. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

---

(75 App. Div. 246.)

### In re MURRAY.

### In re WELSH'S ESTATE.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. PERPETUITIES—WILLS.
   A will gave property in trust to collect the rents and pay them to M. for life, and on death of M., or expiration of 15 years, whichever occurred last, to sell the property and divide the proceeds among certain persons. *Held*, that while the limitation of 15 years was invalid, as suspending the power of alienation beyond two lives in being, it would be treated as surplusage, and the balance sustained.

Appeal from surrogate's court, Queens county.

In the matter of the judicial settlement of the account of William K. Murray, executor of Michael Welsh, deceased. From the decree (73 N. Y. Supp. 1063), Bridget Welsh and others appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry A. Monfort, for appellants.
John R. Townsend, for executor, respondent.
John J. Gleason, for other respondents.

WOODWARD, J. Michael Welsh died on the 12th day of January, 1885, leaving a will and codicil, which were admitted to probate January 20, 1885, when letters testamentary were issued to William K. Murray, the executor named therein. The testator left, him sur-

viving, as his only heirs at law and next of kin, two nephews, Michael Welsh, who is still living, and Joseph Welsh, who has since died; the latter leaving, him surviving, a widow, Bridget Welsh, and Owen Welsh, John Welsh, and Johannah Welsh, his children, who are the appellants now before this court from a decree of the surrogate's court of Queens county judicially settling the account of the executor. The question presented is the construction of the will, it being conceded that the executor has complied with its terms, but it is urged that the same is void because of an attempt to suspend the power of alienation beyond the term of two lives in being. The controlling question is presented by the provisions of paragraphs seven and eight of the will, which read as follows:

"Seventh. I give and devise to my executors in trust for the uses and purposes hereinafter mentioned, to wit: In trust, in the first place, to let and rent the same, and collect and receive all the rents, issues, and profits thereof, and to apply the same to the payment of the taxes, assessments, and insurance thereon, and in keeping the buildings therein in good repair. In trust, in the next place, to pay the balance of rents, issues, and profits to my said nephew Michael Welsh, for his individual use and benefit, in the month of January in each year during the term of his natural life, provided that prior to such payment my said nephew shall deliver to said executors satisfactory receipts and vouchers showing that he has paid the taxes, assessments, insurance, and repairs on the property at Little Neck hereinbefore given to his life use. In trust, in the next place, to make the payments and repairs affecting the Little Neck property hereinbefore required to be made by Michael Welsh in case of his failure to make the same, and to pay over the balance to my said nephew Michael Welsh. [Here follows a description of the property devised.]

"Eighth. Upon the death of my nephew Michael, or at the expiration of fifteen years after my decease, whichever event shall last occur, I direct, authorize, and empower my executors to sell at public or private sale the said houses and lots herein devised to them in trust as aforesaid, and to execute and deliver good and sufficient conveyances therefor; and, after defraying the expenses of such sale, I give and bequeath one equal half part of the net proceeds of such sale to the children of my nephew Michael Welsh who shall be then living, and to the descendants of such as shall be then dead, leaving issue surviving, to be divided among them so that the children then living shall take equal shares, and the descendants of such as have died shall take the share which their parent would have taken if then leaving. I give and bequeath the other equal half part of the proceeds of such sale to my nephew Joseph Welsh, now residing at Martinsburgh, West Virginia, and to his heirs and assigns, forever."

The learned surrogate holds that there was a complete active trust created by the seventh paragraph of the will during the natural life of the nephew Michael Welsh, and that the limitation of 15 years in the eighth clause upon the power of sale, being in the alternative, may be disregarded, for the purpose of effectuating the main purpose of the testator, which was the creation of a life estate for the nephew, and a distribution of the property after the termination of the life estate. It is not to be doubted that, had the power of sale been absolutely suspended for a period of 15 years after the testator's death, it would operate to vitiate the trust, for it would violate the provisions of the statute against perpetuities, which requires that the suspension must be measured by lives in being, and shall not extend beyond two such lives; but the provision in the will is for the creation of a trust for the receipt of rents and profits, and

to pay them over to the nephew during his natural life, and "upon the death of my nephew Michael, or at the expiration of fifteen years after my decease, whichever event shall last occur," the property is to be sold, and proceeds divided among his nephews and their heirs. The provision for a suspension of the power of alienation for 15 years is illegal and void, but if this is left out of the consideration there is still a provision, for the sale and distribution of the property upon the death of the beneficiary of the trust estate, which is entirely within the law and the competency of the testator; and the rule has long been recognized that the courts favor the preservation of all such valid parts of a will as can be separated from those that are invalid without defeating the general intent of the testator. Harrison v. Harrison, 36 N. Y. 543, 548, and authorities there cited. In such a case the rule is quite well settled that an ulterior limitation, though invalid, will not be allowed to invalidate the primary dispositions of the will, but will be cut off in the case of a trust which is not an entirety, as well as in the case of a limitation of a legal estate. Tiers v. Tiers, 98 N. Y. 568, 573, and authorities there cited. "When a will contains separate trusts," say the court in Haynes v. Sherman, 117 N. Y. 433, 437, 22 N. E. 938, 939, "some of which are legal and some illegal, or various limitations of estates not dependent upon each other or essentially connected, some of which are legal and some illegal, the illegal portions may be stricken out, and the other portions permitted to stand; and the books are full of illustrations of such cases." This, it seems to us, is one of the cases coming within the rule thus suggested; and, so long as the intention of the testator may be fully carried out in its main purposes, it is not the province of the courts to look for a means to defeat the intention. The provision of the will fixing a period of 15 years after the death of the testator as the date of sale and distribution is void, and may be treated as surplusage, the will then providing for the proper and lawful disposition of the property. Lewis, Perp. 501, 2, says that where a limitation is made to take effect on two alternative events, one of which is too remote, and the other valid as within the prescribed limits, although the gift is void so far as it depends on the remote event, it will be allowed to take effect on the happening of the alternative one. Schettler v. Smith, 41 N. Y. 328, 336, and authorities there cited. And this is precisely the situation in the case at bar. See Hascall v. King, 162 N. Y. 134, 152 (bottom of page), 56 N. E. 515, 76 Am. St. Rep. 302. The decree of the surrogate's court should be affirmed.

The decree of the surrogate's court of Queens county is affirmed, with costs. All concur.