2. WILLS (§ 81*)—CONSTRUCTION—EFFECT OF PARTIAL ILLEGALITY.

Where several trusts are created, and those illegal can be separated and the legal upheld without doing injustice or defeating that which the testator might be presumed to wish, that which is illegal, or which added to others renders the whole illegal, may be cut off, and the intention of the testator given effect so far as the statute will permit.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 202; Dec. Dig. § 81.*]

3. PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION.

Testator who had four children, three grandchildren, the children of a deceased son, and another grandchild, the child of a deceased daughter, divided his estate into six equal parts, and directed his executor to divide one of such parts into three equal parts, and to hold the same in trust for the three children of his deceased son, and to pay over the principal to them as they should, respectively, become 21 years old, and that, if either should die before arriving at that age, his or her share should be divided among the survivors if they had arrived at the age of 21 years, and, if not, then the same to be added to the fund held in trust for them. *Held*, that the disposition of such one-sixth part of testator's estate, at least in so far as it pertained to the life of each of the three grandchildren, was not invalid as suspending the absolute ownership beyond two lives in being at testator's death.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 43; Dec. Dig. § 6.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Proceedings for the judicial settlement of the account of Charles J. Buchner as executor of the will of Anton Buchner, deceased. Decree directed.

E. K. Van Beuren, for executor.

Hugo Wintner, special guardian for Marian A. Buchner, William A. Buchner, and Carrie M. Buchner, infants.

H. A. Gill, special guardian for Irene M. Hewitt, an infant.

KETCHAM, S. Upon the accounting of an executor as such only, it becomes necessary to the decree of distribution to determine the meaning and validity of the following:

"(f) To divide the remaining one-sixth part into three equal parts and to hold each of said parts in trust; to invest and reinvest the same, and to pay over the net income derived from one of said equal parts for the support, maintenance and education of my grandchild, Marian A. Buchner, and the net income derived from another of said equal parts for the support, maintenance and education of my grandchild, William A. Buchner, and the net income derived from the other of said equal parts for the support, maintenance and education of my grandchild, Carrie M. Buchner, and to pay over to each of them the principal of such equal part with all accumulations thereon, as they shall respectively arrive at the age of twenty-one years. In case either of my grandchildren, Marian A. Buchner, William A. Buchner and Carrie M. Buchner shall die before arriving at the age of twenty-one years then I direct that the share so held in trust for him or her, shall be divided equally between the survivors or survivor if he, she or they, as the case may be, have arrived at the age of twenty-one years and, if not, then the same is to be added to and form part of the fund held in trust for him, her or them, as the case may be.'

"This increase of the fund is to be invested and reinvested and held in the same manner and subject to the same directions as to payment of principal and income as the original fund held in trust for each of them."

It may be collected from the will, the account, and the argument that the three grandchildren named in the paragraph quoted were the children of a deceased son; that the testator had before his mind, with these three grandchildren, three daughters, one son, and another grandchild, who was the child of his deceased daughter; that he proposed a division of his estate into six equal parts to correspond with these six stocks; that each of these six classes stood equal in his testamentary grace; and that, however the age and situation of these beneficiaries affected the methods by which he sought to apply to their benefit the portions which he assigned to them, there was no variation in his affection. He meant to do as well for these grandchildren, whose interests are now threatened, as for any of the other objects of his solicitude.

It is claimed that as to the one-sixth mentioned in the paragraph quoted there may be a suspension of the absolute ownership beyond two lives in being at the time of the testator's death, and that, as to that portion, intestacy must result. If this be so, the three grandchildren will each receive one one-hundred-and-eighth instead of one-eighteenth of the estate, while five thirty-sixths of the estate, which under paragraph "f" was intended for them, will be added to those whose interests in the will remain untouched. There is but one direction in the language under consideration which, if effectuated, will

transgress the statute of perpetuities. This possibility of offense will arise if, after the death of one grandchild during minority, a second shall die during the minority of himself and the survivor. In. these three successive events, one-half ,of the share originally allotted to the child first dying will have been held in suspense (1) during his life; (2) during the life of the second to die; and (3) during the minority of the last survivor. The surrogate, after a will has been admitted to probate, without recourse to the provisions of Code, § 2624, has no power to construe it except in so far as an interpretation is a necessary incident to the exercise of some power expressly imposed upon him. Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388. In the case at bar the only duty is to make a decree of distribution which shall provide either for the division of the fund involved among the next of kin or for its payment by the executor to himself as trustee. To determine between these two dispositions of the fund, it is necessary only to ascertain whether there is any trust whatever which the law will tolerate; and a definition of the trust in all its finer articulations is unnecessary, and would therefore be without jurisdiction.

It is quite clear that the disposition of each one-third of one-sixth covered by paragraph "f" is to be sustained at least in so far as it pertains to the life of each grandchild. If this be so, the validity of any disposition which is intended to come into play beyond the first life is not now material, and its consideration may be postponed until the event shall provoke it. If the provision for the benefit of one of these grandchildren is inseparably connected with the other dispositions of the will, which are designed to take effect after the death of such grandchild, and is a necessary part of the general scheme for the disposal of testator's property, then it must fall with them and the testator died intestate. But "where several trusts are created, and those which render the entire disposition illegal can be separated and the legal upheld without doing injustice or defeating that which the testator might be presumed to wish, that which is illegal, or which added to others renders the whole illegal, may be cut off and the intention of the testator given effect so far as the statute will permit." Underwood v. Curtis, 127 N. Y. 523, 542, 28 N. E. 585. In the case from which this language is quoted the trust was for the life of a widow, during which the income was payable to her and two daughters, and thereafter for such periods and upon such terms as were offensive to the statute. In the will and codicil there considered the provisions controlling the estate during the life of the wife and the provisions for its subsequent control and suspension were closely interwoven, and there was no more of a grammatical separation of the several members of the trust than is found in the will at bar. The court preserved the trust for the life of the wife and exercised the remainder of the trust on facts no more favorable to the integrity of the will than are the facts which are here presented. Said the court, citing cases:

"And, under the rule established by these and kindred cases, we think the trust created for the life of the testator's widow should be permitted to stand, and the testator held to have died intestate, except as to the estate created

for her life. This can be done without in any manner interfering with the general scheme adopted by the testator for the disposition of his property. On the contrary, it is in furtherance of his wish to as great an extent as the courts may be permitted to go. It is true that, where the courts have found it expedient to resolve a trust into its good and bad elements for the purpose of saving the one and rejecting the other, they have laid hold of the fact, if existent, that the two contrasting features of the trust were stated in separate and independent clauses, but it has not been said that the separation is to be made only where the testator has made the separation to appear physically."

In the Manice Case, 43 N. Y. 303, and in Schermerhorn v. Cotting, 131 N. Y. 48, 29 N. E. 980, the void and valid purposes were found in one current expression; and one was taken and the other left. In Harrison v. Harrison, 36 N. Y. 543, it is said that it is no objection to the application of the rule of separation that "the limitations, as well those which are good, as the one alleged to be bad, are embraced in a single trust and that a single trust created for two purposes, one lawful and the other unlawful, is good for the lawful purpose, although void for the unlawful one"; and this case is cited in Tiers v. Tiers, 98 N. Y. 568, and in Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917, without disapproval of the particular expression last quoted.

In any event, the rule with respect to separation of the diverse parts of a trust is plainly extended in the Underwood case to a will in which the several features of the trust were stated in close rhetorical relation. There is no consideration which was applicable in that case to the first term of the trust, for the benefit of the widow and the two daughters during the life of the widow, which is not equally applicable to the trust now under construction, the first term of which was for the grandchild during his life and for the payment to him during that period of the entire income.

The decree should provide for the payment of the fund covered by paragraph "f" by the executor to himself as trustee. Decreed accordingly.