# MEMORANDA

OF

Matter of GUSTAV ZIMMERMANN and SOPHIE ZIMMERMANN, as Executors, etc., of FRIEDIKE RABER, Deceased.*

(Surrogate's Court, Kings County, December, 1917.)

*Wills — illegal trust provisions eliminated — primary gifts of residue sustained.*

PROCEEDINGS upon the judicial settlement of the accounts of executors.

Wood, Cooke & Seitz, for Julius Raber and August C. Raber.

Jay, Smith & Jay, for executors.

Edward M. Grout, special guardian and in person.

KETCHAM, S. All the parties actively appearing in this proceeding seek construction of the following paragraph of the decedent's will:

" *Seventh*. All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my executor and executrix hereinafter

---

* Affirmed by Appellate Division, Second Department, April 5, 1918.—[REPR.

named, in trust for the following purposes: 1. To collect and receive all income and profit therefrom. 2. To invest the sum of five hundred dollars for my grandson Milton until he arrives at the age of twenty-five years, and when he has arrived at the said age, to pay him the said sum of five hundred dollars, together with the income accrued thereon. 3. To divide all the rest, residue and remainder of my estate into two parts or shares, one part to contain one-thousand dollars more than the other part, and the larger of the two parts to be the part of my son Julius and the smaller the part of my son August. 4. To hold these shares in trust and invest the same, the larger for the benefit of my son Julius and the smaller for the benefit of my son August, and to pay them the income from their respective shares during their natural lives and during the lives of their wives, and after the death of their wives or either of them, to pay the principal of his share to the one who survives his wife or to both, if both survive their wives. This is desired so that while their wives live my sons Julius and August shall only receive the income from their respective shares and neither shall receive the principal of his share until the death of his wife. 5. Should one or both of my sons die leaving issue surviving him, the issue of the one who dies is to receive the income of the father's share until the issue arrives at the age of twenty-five years, at which time it is to receive the principal, and if there be more than one issue they are to take share and share alike and receive the income until they arrive at the age of twenty-five years, at which age the principal is to be paid the issue as each arrives at the said age. 6. Should both of my sons die and only one leave issue, that issue is to receive the income from the share of both of my sons until it arrives at the age of twenty-five years at which time it is to receive the principal. Should there be more than one issue, they are to take share and share

alike and receive the income until they arrive at the age of twenty-five years, at which time they are to receive the principal as each arrives at the said age. 7. Should both of my sons die without leaving issue them surviving, then I direct my executor and executrix to divide my said estate into three equal parts and I give and bequeath the same as follows:'' (Here follows a disposition to several charitable corporations.)

August Raber and Julius Raber, sons of the testatrix named in the will, both live and their wives survive. No issue of August were alive at the death of the testatrix. None have been born since. The only issue of Julius living at the death of the testatrix or born since that time are Milton A. Raber and Claire F. Raber, both of whom are under the age of twenty-one years. It is claimed that the trusts contained in the paragraph quoted *supra* are wholly and in detail void under the statute against perpetuities, and that the residue should be disposed of in accordance with the statute for distribution of intestates' estates. This accounting is made by executors as such only. It discloses a balance of personalty which is subject to the provisions in trust quoted *supra* so far as such provisions are valid, and which is payable to next of kin in the event and to the extent that any of the trusts are found to be invalid. Hence, inquiry as to the validity of the trust provisions, at least so far as the same is hereinafter limited, is properly presented. Subdivision 2 of the paragraph quoted *supra* creates a good trust for the minority of Milton only. The disposition of the fund of such trust after that minority, though plainly indicated by authority, is not now before the court. The power to construe the remainder of the 7th paragraph is such only as to be incidental to the making of a decree of distribution. If, therefore, any part of the trusts affecting so much of the residue as will remain after providing for Milton's trust be held to be

good, the duty of the court will be exhausted by a decree that such remaining part of the residue be paid to the trustees. If the trust for the life of each of the sons, August and Julius, be found to be effectual, there will be no need, and therefore no jurisdiction, to examine the further trusts contained in the paragraph, except so far as their consideration may become necessary to a test of the trusts for the two lives. Whether alone or with other members of the testamentary scheme, can these initial trusts for a single life be given effect? The most recent and the most satisfying statement of the rule relative to the rescue of a portion of a trust from other portions thereof which, if effectuated, would offend the statute against suspensions is found in *Matter of Colegrove,* 221 N. Y. 455. There, Judge Crane, speaking for the Court of Appeals, says: " The principal trust provisions of this will can be upheld, discarding such as are illegal. The rule is quite well settled that an ulterior limitation, though invalid, will not be allowed to invalidate the primary dispositions of the will, but will be cut off in the case of a trust which is not an entirety. (*Tiers* v. *Tiers,* 98 N. Y. 568, 573; *Kalish* v. *Kalish,* 166 N. Y. 368, 375; *Hascall* v. *King,* 162 N. Y. 134, 152.)'' In the case cited trusts for the payment of the income of three separate funds to three separate persons during minority, with the direction that each of the three persons, at his majority, should receive the principal fund previously held for his benefit, were held to be separable from ulterior trusts which, if effectuated, would unlawfully tie up all three trusts until the survivor or survivors of the three beneficiaries should attain majority. Upon this conclusion the Court of Appeals eliminated the offending provision and sustained the primary gifts for the minorities respectively. Under the control of this case the trust for the two primary beneficiaries named in the will at bar must be sup-

ported, either with the other members of the general trust or by separation from them so far as necessary. The decree will provide that the residue be paid by the executors to themselves as trustees.

Decreed accordingly.