In the Matter of the Estate of JOHN P. COLEGROVE, Deceased.

FRANK H. COLEGROVE et al., Appellants and Respondents; EDWIN F. HOY, as Executor of and Trustee under the Will of JOHN P. COLEGROVE, Deceased, et al., Respondents and Appellants.

Will — testamentary trusts — an ulterior limitation, although invalid, will not be allowed to invalidate the primary provision, but will be cut off if the trust is not an entirety — provisions of will creating a trust construed.

1. An ulterior limitation in a will creating a trust, though invalid, will not be allowed to invalidate the primary disposition of the will, but will be cut off in the case of a trust which is not an entirety.

2. Testator bequeathed $15,000 to his trustee to apply the income thereof to the use of his three grandchildren during their minority and directed the trustee to pay over to said grandchildren, as each arrived at the age of twenty-one years, the equal one-third part of said trust fund to be theirs absolutely, and in the event of the death of· any of his grandchildren, before attaining the age of twenty-one years, with issue, he bequeathed the share, to which the deceased grandchild would have been entitled at majority, to the issue of such grandchild. That in the event of the death of any grandchild before reaching majority without issue, the trustee should apply the income of the share of the deceased grandchild to the use of the survivor or survivors of his grandchildren until they should attain majority when the trust fund should be disposed of in whole or equal shares as the case might be in accordance with the previous provisions. *Held*, that the last mentioned provision is in violation of the statute (Personal Property Law, § 11; Cons. Laws, chap. 41) as rendering it possible ·to suspend the power of alienation for longer than two lives in being. *Held, further*, that said illegal provision can, and should, be eliminated from the will so that there remains for each of the grandchildren a trust fund of $5,000, to be disposed of as in the third clause provided, and upon the death of any beneficiary before twenty-one leaving issue, the principal sum goes to his issue absolutely, and should the beneficiary die under twenty-one without issue, the trust ends and the principal sum falls into the residuary estate.

*Matter of Colegrove*, 179 App. Div. 961, reversed.

(Argued October 5, 1917; decided November 13, 1917.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 3, 1917, which modified and affirmed as modified a decree of the Cattaraugus County Surrogate's Court admitting to probate and construing the will of John P. Colegrove, deceased.

John P. Colegrove, of the city of Salamanca, state of New York, on the 22d day of July, 1915, made and executed his last will and testament wherein he created a trust or trusts as follows:

" *Third.* I give and bequeath unto Edwin F. Hoy, the sum of fifteen thousand dollars ($15,000) in trust

to be invested by him in such a manner as he deems best and to collect and receive the income and profits therefrom, and apply them to the use of my grandchildren, Phillip Brooks Nichols, Helen Nichols and Mary Terry, during their minority; and as such shall attain majority, I direct my said trustee to divide, pay over and deliver unto the one so reaching the age of twenty-one years, the equal one-third part of said trust fund and accrued income thereon, to be theirs absolutely and forever.

"*Fourth.* In the event of the death of any of the beneficiaries of the trust created in the third paragraph of this, my will, before attaining the age of twenty-one years, with issue, then I give and bequeath unto said issue absolutely at the time of the death of said beneficiary, the share to which beneficiary would be entitled at majority, but if any of the said beneficiaries die before the age of twenty-one years without issue, then I direct my said trustee to apply the income and profits thereof, to the use of the survivor or survivors of said beneficiaries; until said survivor or survivors shall attain majority, when my said trustee shall dispose of said trust fund in whole or in equal shares as the case may be, in accordance with the provisions of the third paragraph of this, my will.

"*Fifth.* In case all of the beneficiaries of the trust created in the third paragraph of this, my will, should die without issue, before they attain their majority, then I direct that said trust fund shall be a part of my residuary estate and shall pass in accordance with the provisions of the residuary clause hereinafter expressed.

"*Sixth.* I give, devise and bequeath all the rest, residue and remainder of my property, both real, personal, and mixed, of every kind and nature and wheresoever situate, of which I may die seized or possessed, unto my wife, Salina P. Colgrove, and unto my daughters, Helen Mae Nichols and Nellie J. Terry, share and share

alike, and their heirs forever, except as hereinafter provided."

The will was admitted to probate on the 24th day of July, 1916, the surrogate reserving decision as to the validity and construction of the third, fourth, fifth and sixth paragraphs thereof. On the 6th day of January, 1917, it was adjudged and decreed by the surrogate that the third, fourth and fifth paragraphs were invalid, null and void, as a violation of section 11 of the Personal Property Law, in suspending the absolute ownership of the trust fund for a longer period than two lives in being at the death of the testator.

The Appellate Division affirmed this decree and construction with a slight modification disallowing costs to the contestants.

*Henry Donnelly* for Frank H. Colegrove et al., appellants and respondents. The $15,000 trust fund given to Edward F. Hoy, as trustee, pursuant to the terms of the will of the late John P. Colegrove, is null and void and in violation of section 11 of the Personal Property Law of the state of New York. (*Matter of Wilcox,* 194 N. Y. 288; *Schettler* v. *Smith,* 41 N. Y. 334; *Haynes* v. *Sherman,* 117 N. Y. 433; *Central Trust Co.* v. *Eggleston,* 185 N. Y. 23; *Garvey* v. *McDevitt,* 72 N. Y. 566; *Underwood* v. *Curtis,* 127 N. Y. 523; *Bailey* v. *Buffalo L. & T. Co.,* 132 N. Y. Supp. 514; *Matter of Raab,* 139 N. Y. Supp. 869; *Davis* v. *McMahon,* 146 N. Y. Supp. 657; *Schlereth* v. *Schlereth,* 173 N. Y. 444.) Under the provisions of the will, the testator made the trust fund a part of the residuary estate only on one condition, that is, the death of the three legatees before they arrived at the age of twenty-one years without issue. Now, if the bequest fails entirely by operation of law so that the will itself cannot act upon it, then it is a residuary undisposed of, and the failure of a part of the disposition

of the residuary estate will not augment the shares of the other residuary legatees. When there is such a failure there results a residue of a residue, and the rule is well settled that it will not be added, but will pass to the heirs or next of kin. (*Beekman* v. *Bonsor*, 23 N. Y. 298; *Kerr* v. *Dougherty*, 79 N. Y. 327; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Morton* v. *Woodbury*, 153 N. Y. 243.)

*George H. Ansley* for Edwin F. Hoy, as executor and trustee, et al., respondents and appellants. Assuming the trust attempted to be created by the testator in paragraphs 3, 4 and 5 of the will to be invalid, the fund then passes to the residuary legatees by virtue of paragraph 6 of the will, which is a general residuary clause. (*Leggett* v. *Stevens*, 185 N. Y. 70; *Matter of Benson*, 96 N. Y. 499; *Matter of Barrett*, 132 App. Div. 134; *Brooklyn Trust Co.* v. *Phillips*, 134 App. Div. 697; 201 N. Y. 561.) The trust created by the 3d, 4th and 5th paragraphs of the will is a valid trust and is not in violation of section 11 of the Personal Property Law, unlawfully suspending the absolute power of alienation. (*Leach* v. *Godwin*, 198 N. Y. 35; *Jacoby* v. *Jacoby*, 188 N. Y. 124; *Orr* v. *Orr*, 147 App. Div. 753; 212 N. Y. 615.)

CRANE, J: The principal trust provisions of this will can be upheld, discarding such as are illegal. The rule is quite well settled that an ulterior limitation, though invalid, will not be allowed to invalidate the primary dispositions of the will, but will be cut off in the case of a trust which is not an entirety. (*Tiers* v. *Tiers*, 98 N. Y. 568, 573; *Kalish* v. *Kalish*, 166 N. Y. 368, 375; *Hascall* v. *King*, 162 N. Y. 134, 152.)

The testator intended three separate and distinct trusts of five thousand dollars each for his three grandchildren. The fact that the trusts were to be kept in one fund does not necessarily create one trust. (*Leach* v. *Godwin*,

198 N. Y. 35.) The direction to pay over five thousand dollars to the grandchild becoming twenty-one years of age suggests separate trusts.

Reading this will as applicable to separate trusts of five thousand dollars for each grandchild, it directs the income to be paid to the grandchild until he becomes twenty-one years of age, when he is to receive the principal. In the event of the beneficiary's death before attaining twenty-one leaving issue, then the principal is given to the issue absolutely.

Up to this point the trusts can be sustained. The latter part of the fourth paragraph, however, contains limitations which cannot be upheld. It directs that if any of said beneficiaries die before the age of twenty-one years without issue, then the trustee shall apply the income and profits thereof to the use of the survivor or survivors of said beneficiaries until said survivor or survivors shall attain majority, when the trustee shall dispose of the trust fund, in whole or in equal shares as the case may be, in accordance with the third paragraph of the will.

These clauses taken in connection with other parts of the will indicate an intention upon the part of the testator to keep the trust fund, in the event stated, tied up until the youngest of the three grandchildren arrives at twenty-one. This, of course, is in violation of section 11 of the Personal Property Law (Cons. Laws, ch. 41), as rendering it possible to suspend the absolute power of alienation for longer than two lives in being.

Eliminating from the will this illegal portion, there remains for each of the grandchildren a trust fund of five thousand dollars, the income from which is to be paid until the beneficiary arrives at twenty-one when the principal sum is to be turned over to him absolutely and forever. Upon the death of the beneficiary before twenty-one leaving issue, then said principal sum is given

to the issue absolutely.   Should the beneficiary die under twenty-one and without issue, the trust ends and the principal sum falls into the residuary estate under the sixth paragraph of the will.   The sixth paragraph is a general residuary clause carrying everything not otherwise disposed of.   (*Leggett* v. *Stevens,* 185 N. Y. 70.)

The order of the Appellate Division and the decree of the surrogate should be reversed and the matter remitted to the Surrogate's Court for decree in accordance with this opinion, with one bill of costs to the executor and special guardian in this court and in the Appellate Division, payable out of the estate.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and McLAUGHLIN, JJ., concur.

Order reversed, etc.