In the Matter of the Estate of Louise F. Soltau, Deceased.

Surrogate's Court, New York County, June, 1922.

*Wills — construction of — when separate and distinct trust funds created — order in which securities are to be sold — investment of funds by executor.*

Proceeding to construe a will.

*Wise & Seligsberg (Isaac Lande* and *Milton Winn,* of counsel), for executor.

*Edward M. Burghard,* for Lenox Hill Hospital.

*Julian B. Beaty,* for a legatee.

*White & Case,* for Charles A. Fuchs et al.

*Theodore Hansen,* for Isabella Home

*Joseph F. Foise,* special guardian.

Foley, S. This is an application for the construction of the 8th, 9th and 10th paragraphs of the will of testatrix. Paragraph 8 provides:

" Item VIII. All bonds, stocks or other securities which at the time of my death I may have on deposit at the bank of Heidelbach, Ickelheimer & Co., of New York City, I give and bequeath in equal shares to the two hospitals now at Belleville, Illinois, the Isabella Home at Amsterdam Avenue and 190th Street, New York City, and the Odd Fellows' Home and Orphan Asylum of New York City at Tuckahoe, New York, that is each institution to receive one-fourth, but subject to the following conditions as to the payment of the income to certain members of my family during their respective lifetimes. It is my will that my brothers, Gustave Fuchs, of Belleville, Illinois, Charles Fuchs, of Los Angeles, California, and my sister, Mrs. Jacob Schmidt, of San Francisco, California, shall each receive during his or her respective lifetime

one-fourth of the income of the securities referred to in this item of my will, and that the children of my deceased sister, Meta Grossart, shall receive during the respective lifetime of each the other one-fourth share and share alike. If either of my two brothers or my sister, Mrs. Jacob Schmidt, shall die leaving children, such children shall each receive during life its *pro rata* share of the deceased parents' one-fourth of the total income referred to in this item of my will. As the several legatees named under this paragraph of my will die, my executor hereinafter named shall hold such shares of said income as would have otherwise gone to such deceased legatee or legatees, and, as the accumulations of the same warrant, pay them over equally among the four American institutions named as legatees under Item VIII of this will."

(1) It is reasonably clear from the context that testatrix intended to create six separate trusts in the proportions fixed by this clause for each of two brothers, for her sister and for each of the three children of her deceased sister Meta Grossart, with the substitution of the children of either of the brothers, or her sister, as life beneficiaries, should either of them predecease her. That the language of this inartificial will does not expressly sever the trusts is of no importance. There is no direction to the contrary. There can be no objection, therefore, to a severance of the corpus of the trust into as many separate trusts as there are beneficiaries named in the proportions indicated. *Matter of Magnus*, 179 App. Div. 360; *Matter of Colgrove*, 221 N. Y. 455; *Leach* v. *Godwin*, 198 id. 35. The six trusts terminate on the death of the respective life beneficiaries, when the remainder must be paid over in each instance to the two hospitals at Belleville, Ill., and the Isabella Home and the Odd Fellows' Home and Orphan Asylum. I am of the opinion that one-fourth of the remainders should be paid to St. Vincent's Hospital, and one-fourth thereof to St. Elizabeth's Hospital of Belleville, Ill. The accumulations provided for in the latter sentence of paragraph 8 for the institutions named are palpably invalid, and the testatrix's direction must be disregarded.

(2) Application is also made for the construction of paragraph 9, which reads as follows: " The residue of my estate, if any, shall be divided equally among the several American and German institutions designated as legatees under Item IX and Item VIII of this will." A reading of the entire will leaves no doubt that the testatrix inadvertently used the words " Item IX " when she meant to refer to item VII. This paragraph is so construed.

(3) The remaining questions have to do with paragraph 10, which reads as follows: " Item X. I hereby nominate the United States Mortgage and Trust Company of New York City as executor

and trustee of this will with full power to do any and all things that may be requisite or proper in the settlement of my estate, including the keeping of my estate safely invested until the trusts herein named terminate and a final settlement can be made. It is my will that, should the moneys on hand at my death be insufficient to pay the cash bequests named in Item II and Item III of this will together with my debts and costs of administering on my estate, my executor shall have power to sell sufficient bonds, stocks or other securities as may be required for such purpose, one-half the amount required to be sold to be selected from the securities on deposit in the bank at Frankfort, and the other half from those on deposit in the bank in New York City." It appears that there is insufficient cash to enable the executor to pay in full the debts, administration expenses and the general legacies given under paragraphs 2 and 3, which are preferred legacies. Under these circumstances, if the German securities do not suffice upon sale to supply half of the deficiency, the latter must be made up by the proceeds of the sale of the requisite amount of American securities now in the estate. The remaining one-half of the German funds may be used for the payment of debts and administration expenses.

The language of this will does not, in my opinion, authorize the executor and trustee to depart from the general rule, requiring the investment of estate funds in securities authorized by law. *Villard* v. *Villard*, 219 N. Y. 482; *King* v. *Talbot*, 40 id. 76; *Matter of Wotton*, 59 App. Div. 584; affd., 167 N. Y. 629. This necessarily requires the executor and trustee to dispose of unauthorized securities left by the testatrix.

Submit decree on notice at once.

Decreed accordingly.