In the Matter of the Application for the Construction of the Last Will and Testament of JOSEPH BEALE, Deceased.

Surrogate's Court, Westchester County, December 19, 1924.

**Wills — construction — will provided for trust for benefit of three children and that on death of any beneficiary one-third of principal should be paid children of said deceased beneficiary — will created three trusts and said trusts do not violate Personal Property Law, § 11, and Real Property Law, § 42 — in case beneficiary died without issue income was to be paid to remaining beneficiaries — said provision is illegal but may be eliminated — on death of beneficiary without issue one-third of principal became intestate property.**

A will which directs the executors to hold testator's estate in trust for the benefit of three children of the testator and, upon the death of any one of the beneficiaries, to pay over one-third of the principal of the estate to the children of said beneficiary or in case the beneficiary should die without issue, to divide the income and profits arising from the estate equally among the survivors during their lifetime, creates three separate trusts for the benefit of the three children of the testator and not a single trust for the benefit of the testator's children and it does not, therefore, violate section 11 of the Personal Property Law and section 42 of the Real Property Law against suspension of the power of alienation.

The provision that upon the death of any beneficiary without issue the entire income of the estate should be divided among the remaining beneficiaries is illegal but it is a provision that may be eliminated from the will and the trust be held valid except as to that provision, and, therefore, upon the death of any beneficiary one-third of the principal becomes intestate property and passes accordingly.

PROCEEDING for construction of will.

*James H. Hickey*, for the petitioner.

*Arthur R. Wilcox*, for the executor and trustee.

SLATER, S.:

The last will and testament of Joseph Beale was admitted to probate April 16, 1900. The petitioners are two of his children and beneficiaries of trusts created in his will. Construction is sought of paragraph 2, which is as follows:

"*Second.* I give and devise all my real and personal estate of what nature or kind soever, to my wife Emma Beale and my brother Dr. James M. Beale, my executors hereinafter appointed, IN TRUST with power to sell and dispose of the same, at public or private sale, at such times and upon such terms, and in such manner as to them or the survivor of them shall seem meet and to invest the same and to pay over and apply the rents, issues, incomes and interest and profits arising therefrom and from all

my estate equally to the support and maintenance of my three Children to wit, Clara E. Beale, James L. Beale and Clarence J. Beale, during their natural lives, and upon the death of either of said children to pay over one third of the principal sum of my estate to the lawful children or issue of said deceased child, if any; and if any of my children should die without issue, then said interest, income and profits arising from my estate shall be divided equally among the survivors, during their lives."

The sole point is whether the trusts in paragraph 2 of the will are valid. The trusts were created for the testator's three children, with remainder to possible children or issue and in default of such, with cross-remainders to the surviving children. The petitioners contend that only one trust was created which was for three lives in being and that the same is invalid as improperly suspending the power of alienation.

If the dominant purpose of the testator is the creation of a single trust subsisting during three lives, absolute ownership is illegally suspended (Pers. Prop. Law, § 11; Real Prop. Law, § 42); and the trust in its entirety is void. (*Leach* v. *Godwin*, 198 N. Y. 35.) If the trusts in the instant case can be held valid, it must be upon the theory of the intention of the testator to create three separate trusts. Judge CARDOZO, speaking for the whole court in *Matter of Horner* (237 N. Y. 489, 493), said: " If the dominant purpose in the creation of the trust is that of division into separate shares terminable by separate minorities or lives, the trust to that extent may be upheld  *  *  *. We must say whether unity or pluralism is the preponderating note."

In the instant case, can pluralism be charged as the intention of the testator? In my opinion, pluralism is intended by the testator in the use of his words in the paragraph in question. He provides that " upon death of either of said children to pay over one third of the principal sum of my estate to the lawful children or issue of said deceased child, if any." Payment over to issue of a deceased child could not be made unless the estate was intended by the testator to be divided into three separate shares. I believe that in this expression of the testator we find a well-defined purpose to divide the estate into three separate trust funds.

The petitioners submit the case of *Matter of Magnus* (179 App. Div. 359) as upholding their views. A study of that case discloses that the gift was only of *income* out of a fund kept *in solido* and payment of *principal* is only made in the event of the death of all of the beneficiaries. In the instant case, upon the death of any of the children leaving children or issue, the share is segregated

from the general mass with the payment over of the principal of such share, by which the amount then defined escapes from the trust. As to such separate share the trust then terminates. In the *Magnus* case the will provided otherwise. By the death of one of the beneficiaries before the death of the last survivor, only. *income* and not *principal* is disposed of. (*Leach* v. *Godwin, supra.*) In my opinion, the trusts created by the 2d paragraph for the three children can be sustained.

The latter part of paragraph 2 provides that if any of the children die *without issue,* the *income* shall be divided equally among the survivors during their lives. In support of this clause, the trustee cites the case of *Matter of Fidelity Trust Co.* (94 Misc. 533). In that case the *principal* of the residuary estate was given over to the owners of the other shares. In the instant case, only the *income* is to be divided equally among the survivors during their lives. This latter clause of paragraph 2 does not affect the legality of the trust and this " epidermal callosity," using the words of Judge POUND in *Matter of Trevor* (239 N. Y. 6), may be harmlessly eliminated. The result is that as to the principal of these trusts the decedent died intestate.

One child has died without issue. The two surviving children have a right to the immediate possession of said share held for the life of the deceased child.