In the Matter of the Application for the Construction of the Last Will and Testament of JOSEPH BEALE, Deceased.

JAMES L. BEALE and Another, Appellants; JAMES M. BEALE, as Executor, etc., of JOSEPH BEALE, Deceased, Respondent.

Second Department, April 24, 1925.

Wills — construction — devise in trust for support of three children of testator for life and upon death of any child to pay over one-third of principal to children or issue of said child — will provided also that in case of death of child without issue income should be divided equally between survivors — no provision made for disposition of remainder in case of death of child without issue — devise established one trust for three lives in being and is invalid.

A trust established by a will for the support and maintenance of the three children of the testator which provides also that upon the death of any one of the children the principal of one-third of the trust shall be paid over to the lawful children or issue of the deceased child and if any child dies without issue then the income of the entire trust shall be divided between the survivors, and which makes no provision for or disposition of the remainder on the death of any child without issue, is a single trust and not separate trusts for each of the three children, and is, therefore, invalid on the ground that it is limited on more than two lives in being.

The rule of law applicable in such a case is that where a trust for the benefit of several persons is held in one fund, it is necessary, for the purpose of holding that there are separate and independent trusts, that each part of the principal fund be liberated from the trust fund upon the termination of the lives in being at the death of the testator, and that it is also necessary to find, from within the will itself, that such was the intention of the testator.

Second Department, April, 1925. [Vol. 213

APPEAL by James L. Beale and another from a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 2d day of February, 1925, construing the will of Joseph Beale, deceased.

*James H. Hickey,* for the appellants.

*Arthur R. Wilcox* appears for the respondent but submits no brief.

KELBY, J.:

Joseph Beale died in Peekskill on the 17th of April, 1900, leaving a last will and testament the dispositive part of which is as follows:

" *Second.* I give and devise all my real and personal estate of what nature or kind soever, to my wife Emma Beale and my brother Dr. James M. Beale, my executors hereinafter appointed, IN TRUST with power to sell and dispose of the same, at public or private sale, at such times and upon such terms, and in such manner as to them or the survivor of them shall seem meet and to invest the same and to pay over and apply the rents, issues, incomes and interest and profits arising therefrom and from all my estate equally to the support and maintenance of my three children to wit, Clara E. Beale, James L. Beale and Clarence J. Beale, during their natural lives, and upon the death of either of said children to pay over one-third of the principal sum of my estate to the lawful children or issue of said deceased child, if any; and if any of my children should die without issue, then said interest income and profits arising from my estate shall be divided equally among the survivors, during their lives."

The testator left him surviving the three children named in the will. Clara died without issue on December 17, 1906. The sons, stating their belief that by the provision of the will just quoted there was created but one trust for three lives in being and that the will was, therefore, invalid in that it improperly suspended the power of alienation, filed with the Surrogate's Court a petition for its construction. The surrogate held that there were created three separate and distinct trusts for the benefit of the three children during their respectve lives, with remainder to their lawful issue if any, and that in default of such lawful issue, such income was to be applied to the use, equally, of the surviving children of the testator, during their natural lives. The surrogate also held that in the event of the death of any of the children without issue her or him surviving, there was no disposal of the " principal of the trust directed to be held for the benefit of such child," and in that respect the testator died intestate.

The testator leaves all his estate to his trustees, directing them to invest it and to apply the income arising therefrom " and from

all my estate equally to the support and maintenance " of his three children during their lives. Upon the death of any one of the children the trustees are to pay over " one-third of the principal sum of my estate " to the lawful issue, if any, of such deceased child. If any of the children should die without issue, the " interest income and profits " arising from the estate are to be divided equally among the survivors. It will be noted that no provision is made for the disposal of the principal except upon the death of one or more of the children with issue him or her surviving, in which event such issue will take " one-third of the principal sum " of the estate. It happens that Clara, one of the children, has already died without issue. By the terms of the appropriate provision of the will, the income paid to her is upon her death to be divided equally between James and Clarence. Should James die without issue him surviving, the income payable to him, *i. e.*, his own one-third share and his one-half share of Clara's one-third, would be payable to Clarence, who would then have the enjoyment of the entire income. For the disposal of the principal upon the death of Clarence, or whoever may be the last survivor, without issue, no provision is made. .

In *Leach* v. *Godwin* (198 N. Y. 35) is laid down the rule that where a trust for the benefit of several persons is held in one fund, it is necessary, for the purpose of holding that there are separate and independent trusts, that each part of the principal fund be liberated from the trust fund upon the termination of the lives in being at the death of the testator, and that it is also necessary to find, from within the will itself, that such was the intention of the testator.

In *Matter of Magnus* (179 App. Div. 359) the testator directed the executors to invest all his property and to pay the income therefrom monthly in certain proportions to his son and the son's daughter and stepdaughter. Upon the death of the son " his share of the income " was to be paid to the daughter and stepdaughter equally; in the event of the death of either or both of the girls without issue, their " share of the income " should be paid to the son; and in the event of the death of all three without issue, the executors were directed to pay the income and principal to the testator's next of kin. This court held: " It is only where income *and principal* are given in equal shares out of a fund kept *in solido* for convenience of investment, that the court can set apart separate and independent trusts for the several beneficiaries, so as to have in an undivided fund separate and distinct shares. [Citing cases.] Otherwise, on the death of one, its share is *not* segregated from the general mass, with a payment over of the principal of such share,

by which its amount then definitely escapes from the trust. Here the instrument itself provides otherwise. By a separate death before the death of the last survivor, only ' income ' and not principal is disposed of. We may not violate this intention, or interfere with a plan so clearly provided for a disposition of the trust."

As in *Matter of Magnus*, the will now under consideration has a provision that, upon the death of any of the children without issue, the income, but not the principal, shall be divided equally among the survivors. The learned surrogate recognized the fatal nature of this provision, but he held that the dominant intent of the testator was to create separate trusts, and that to give effect to that intent the provision in question could be " harmlessly eliminated." (124 Misc. 96.) He relied upon the rule stated in *Matter of Horner* (237 N. Y. 489), that " If the dominant purpose in the creation of the trust is that of division into separate shares terminable by separate minorities or lives, the trust to that extent may be upheld, even though in some other contingency it is to be illegally prolonged." For this rule the court, in *Matter of Horner*, relied upon *Matter of Colegrove* (221 N. Y. 455).

But *Matter of Horner* and *Matter of Colegrove* contained words more clearly indicative of plurality than any that are to be found in the case here. In *Matter of Horner* a trust was created for the benefit of four children. Upon any of the children reaching the age of twenty-one, the child's interest was to be determined by the number of children then surviving; and after all had reached the age of twenty-one, the trust should terminate. Then came the provision that should any of the children die before majority, leaving issue him or her surviving, " the said issue shall receive the portion of said fund the parent would have received if living." Upon the phrase just quoted the Court of Appeals based the conclusion that the purpose of the trust was as follows: " If there is no death before majority, then, as each minority ends, an equal share is to be set free. If death occurs before majority, but issue are left, a share, still conceived of as appropriated to the parent during life, will be passed on to the issue, who stand as the parent's representatives, and again will be set free." Another provision upon which the court seized for the purpose of tagging plurality to the trust, is the provision, the thirteenth of the will, that even during minority the trustees are authorized to pay, out of the principal of the fund, a sum not exceeding $500, to be charged " as an advancement." In *Matter of Colegrove* the testator placed $15,000 in trust, directing that the income thereof be applied to the use of three grandchildren during their minority, each grandchild upon arriving at the age of twenty-one to receive, absolutely, an

equal one-third part of the trust fund. In the event of the death of any of them before majority, leaving issue, the share to which such grandchild would have been entitled at majority, should go to such issue. In the event of the death of any grandchild before majority, without leaving issue, the income of the share of such grandchild should be applied to the use of the surviving grandchildren until they should attain majority, when the trust fund should be disposed of in whole, or in equal shares, as the case might be, in accordance with the previous provisions.

The provision for an advancement in *Matter of Horner*, and the use of the words " share " and " portion " in both *Matter of Horner* and *Matter of Colegrove*, support the conclusion that in each case the intent of the testator was to create a separate trust for each beneficiary. The will before us, however, is barren of any such indicia of plurality. We now have a will in which the testator provides substantially as follows: " I give and devise all my real and personal estate * * * to * * * my executors * * * IN TRUST, with power to sell * * * and to invest the same and to pay over and apply the rents, issues, incomes and interest and profits arising therefrom and from all my estate equally to the support and maintenance of my three children * * * during their natural lives, and upon the death of either of said children to pay over one-third of the principal sum of my estate to the lawful children or issue of said deceased child, if any." There is nothing here to indicate that at the outset the estate is to be divided into three parts. The principal sum is to be held intact until the death of one of the children with issue him or her surviving, when one-third thereof is to be lopped off and given to the issue. Nor is there anything to indicate that the provision just referred to is the dominant one, and the offending provision the subordinate. They seem to me to be coequal. The testator contemplated two eventualities: the death of one or more of the children with issue, and the death of one or more of them without issue. One event was as likely to happen as the other, or both might happen. So far the event that has happened is the death of one of the children without issue. If we read into this will an intent to create three separate trusts we shall be doing violence to the rule, equally applicable with the rule in *Matter of Horner* and *Matter of Colegrove*, that the intent of the testator to create separate and independent trusts must be found *within the will itself*. (*Leach* v. *Goodwin, supra.*)

The decree of the Surrogate's Court of Westchester county should be reversed on the law, with costs to appellants payable

out of the estate, and the will construed in accordance with this opinion.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Decree of the Surrogate's Court of Westchester county reversed on the law, with costs to appellants payable out of the estate, and the will construed in accordance with opinion.