In the Matter of the Probate of the Last Will and Testament of SOPHIA HARDGROVE, Deceased.

WALLACE J. HARDGROVE and Another, Appellants; THOMAS D. L. HARDGROVE and Another, Respondents.

Second Department, May 24, 1928.

Wills — execution — no question of fact as to competency — unlawful suspension of power of alienation of personal property (Pers. Prop. Law, § 11) — will devised property in trust and directed that one of four shares should be paid over to son in trust to accumulate income and divide equally among children of son or survivor or survivors of them on arrival at twenty-one — three other similar trusts were set up — will directed also that in case of death of all children of any of sons or daughters, to whom property was devised in trust, before they should reach twenty-one years of age, share devised in trust to parent should be equally divided among children surviving other sons or daughters — said devises in trust unlawfully suspend power of alienation — entire will falls.

The testatrix divided the residue of her estate into four equal shares. She devised three of the equal shares in trust, one share to a son and two to daughters. The

terms of the trusts were similar and were that each share so devised should be held in trust by the devisee to accumulate the interest thereon and to divide the principal equally among the children of the devisee, son or daughter as the case may be, or the survivor or survivors of them, and to pay to each respectively on arrival at the age of twenty-one years. The will also provided that in case all the children of any son or daughter should die before reaching the age of twenty-one years, then the share devised to the parent of said child so dying should be equally divided among the children surviving of the other sons or daughters and be paid to each respectively or the survivor or survivors of them on reaching the age of twenty-one years. One share was devised to another son with directions to pay him one-half thereof one year after the probate of the will and the remaining half two years after the probate of the will, but in case he should die before the second half of his portion was paid to him, that portion should be divided equally among the grandchildren mentioned in the trusts.

A jury trial was demanded on the issue of competency. The surrogate properly directed a verdict in favor of the proponents on that issue for the record does not show that any question of fact was presented for the jury.

The trusts set up in the will are void on the ground that the power of alienation is unlawfully suspended for more than two lives in being in violation of section 11 of the Personal Property Law. This is so since the direction in the will is for a conditional payment depending not only upon the arrival at majority of the infants, but also upon who shall constitute the ones to share in the estate, and, therefore, until the infants reach the age of twenty-one years the persons who will take are undetermined, which necessarily suspends the power of alienation during a period not measured by two lives in being.

It is impossible to sever the invalid trusts from the remainder of the will, since, to do so, would destroy the entire scheme of the testatrix, and, therefore, the devise to the remaining son must fall with the rest of the will.

APPEAL by Wallace J. Hardgrove and another from a decree of the Surrogate's Court of the county of Queens, entered in the office of said Surrogate's Court on the 9th day of March, 1927.

*George P. Breckenridge,* for the appellants.

*John P. Gering,* for the respondents.

*Marinus Willett,* special guardian, for Janet Christadoro and others, infants.

KAPPER, J. Sophia Hardgrove of the county of Queens died January 2, 1926. Her will dated December 14, 1922, and a codicil thereto dated July 13, 1924, were offered for probate. Objections to her competency to make a will were filed on behalf of a son and daughter. In the same proceeding, objections were also made by them to the validity of both will and codicil upon the ground that said will and codicil unlawfully suspended the absolute ownership of the property bequeathed, the estate of the testatrix being wholly personalty amounting to about $15,000.

The testatrix left her surviving three sons and three daughters,

all of full age. The contestants are the son Wallace and the daughter May Hutchison. The 8th paragraph of the will, after some minor bequests, directed the division of the residue into five equal shares, one of which she gave to her son Douglas, two to her sons Thomas and Wallace, in trust for the benefit of their respective children, and the remaining two shares to her daughters, Mrs. Christadoro and Mrs. Chambers, in trust for their respective children. The codicil was in the same language as the will to which it related, with the exception that the division of the residuary into shares in trust for her children's children omitted the son Wallace and his children. The following is the language of the codicil:

" I do now, by this instrument, which I hereby declare to be the codicil to my said Will, and to be taken as a part thereof, will and direct that the rest, residue and remainder of my estate and property, of every name nature, and wheresoever the same may be, shall be divided into four (4) equal shares or portions; and I give, devise and bequeath one of said shares or portions to my son, Douglas Hardgrove, one-half of such portion to be paid to him one year after the probate of my will and this codicil; and the remaining one-half of said portion to be deposited by my executors hereinafter named in Savings Bank, at interest, and paid to my said son with all accumulations of interest thereon two years after the probate of my said will and this codicil, if living, but if my said son, Douglas, shall die before said remaining one-half of said portion shall become payable to him, as aforesaid, I give and bequeath said remaining one-half of said portion to my grand-children hereinafter described, to be divided among them equally, share and share alike; and I give, devise and bequeath one of said shares or portions to my son, Thomas Hardgrove, in trust, nevertheless (without bonds) to deposit the same in a good, solvent Savings Bank at interest, the same and all interest to accumulate thereon to be divided equally among the children of my said son, or the survivor or survivors of them, and paid to each respectively on arrival at the age of twenty-one years; and I give, devise and bequeath one of said shares or portions to my daughter, Lucy Jane Christadoro, in trust, nevertheless (without bonds) to deposit the same in a good, solvent Savings Bank at interest, the same and all interest to accumulate thereon to be divided equally among the children of my said daughter, or the survivor or survivors of them, and paid to each respectively on arrival at the age of twenty-one years; and I give, devise and bequeath one of said shares or portions to my daughter, Sophie Belle Chambers, in trust nevertheless (without bonds) to deposit the same in a good, solvent Savings Bank at interest, the same and all interest to accumulate

thereon to be divided equally among the children of my said daughter Sophie, or the survivor or survivors of them, and paid to each respectively on arrival at the age of twenty-one years. It is my will and I direct that none of said share or portions shall vest in my said legatees until the arrival of each, respectively, at the age of twenty-one years; and in the event that all the children of any of my above-named sons or daughters shall die before arriving at the age of twenty-one years, then I direct that the share or portion hereinabove devised and bequeathed in trust to the parent of said children so dying, shall be equally divided among the children surviving of my other sons or daughters hereinabove named (not *per stirpes* but in equal shares) and paid to each, respectively, or the survivor or survivors of them, on arrival at the age of twenty-one years."

A jury trial was demanded on the issue of the competency of the testatrix, and at the close of the testimony the learned surrogate directed a verdict in favor of the proponents. On this appeal it is contended that the testimony presented a question of fact which should have been submitted to the jury. The record satisfies us to the contrary and leads to the conclusion that the surrogate's direction should be upheld.

Pursuant to section 145 of the Surrogate's Court Act, the contestants put in issue the validity of the 8th paragraph of the will and of the codicil thereto. In the same decree adjudging the competency of the testatrix, the learned surrogate further held the will and codicil valid " and not in violation of  *  *  *  section 11 of the Personal Property Law," that section, in so far as is here material, providing that the absolute ownership of personal property when disposed of by a last will and testament shall not be suspended by any limitation or condition for more than two lives in being at the death of the testator.

I am of the opinion that the legacies to the children of the son and daughters were contingent upon their arrival at the age of twenty-one years. The direction is for a conditional payment dependent not alone upon the arrival at majority of the infants but also upon who shall constitute the ones to share. In other words, the gift is to three classes. When the testatrix made the will and codicil the son Thomas had three children and the two daughters one child each. At her death the three children of Thomas were respectively seventeen, eight and three years of age. The daughter Lucy's child was six years of age and the child of the daughter Sophie was under fourteen. In the proposed trust the testatrix provided for the " children " of each of these daughters and son. The provision in each trust to pay to the grandchildren

on arrival at the age of twenty-one years, with the further direction for payment over of the entire trust share in the event of the death of an entire particular class before the members thereof attained the age of twenty-one, seems to me clearly to have provided for both suspension of the gift and the deferring of payment until contingency was made certain. Where postponement is " for the benefit of a legatee as if he is an infant, and payment is to be made to him at his majority, then the gift is future and conditional." (*Dougherty* v. *Thompson*, 167 N. Y. 472, 486.)

Several recent authorities in the Court of Appeals have applied the principle that invalid portions of a will can be excised and the sound parts preserved. Such were *Matter of Colegrove* (221 N. Y. 455); *Matter of Horner* (237 id. 489), and *Matter of Trevor* (239 id. 6); and it is suggested that the language of the will is susceptible of a construction that would vest the aliquot share of each grandchild living at the death of the testatrix. This not alone disregards the use of the word " children " when referring to her daughters, each of whom had but one child at the time of the making of the will and codicil and at the death of the testatrix, but ignores the phrases which prevent payment unless majority is attained and make a disposition over in the event of death during minority. We also have the express injunction in this codicil (as well as in the will itself) that none of the shares or portions given for the benefit of her grandchildren " shall vest in my said legatees until the arrival of each, respectively, at the age of twenty-one years," with the further provision for vesting in the members of a surviving class should all of a particular class die before majority was attained. . The status, number and condition of all of the children of the son and the two daughters named in the codicil are to be considered on attaining majority, both those in being at the death of the testatrix as well as those thereafter born.

The language of the will makes it difficult and, indeed, impossible to my mind, to read the direction for division and payment of these legacies to the children of testatrix's children other than as contingent interests, contingent both as to the time of division and as to the persons among whom it is to be divided. As was said in *Bailey* v. *Buffalo L., T. & S. D. Co.* (213 N. Y. 525, 538): " The principal of the trust sought to be created was to be held for the children of the plaintiff, each child to receive his or her proportion upon attaining the age of twenty-one years, the proportion to be dependent upon the number of children, minors, then living. The right of any child or children of the plaintiff to a portion of the principal was contingent upon each child

attaining the age of twenty-one years. As minors the child or children of plaintiff would not be entitled to a distributive share of the fund. The death of any of said children during his or her minority would not result in an estate therein descendible as the interest of such child in the fund was contingent, rather than a vested remainder in the same."

The plan of the testatrix, as I have indicated, seems plainly to have contemplated no payment until the arrival of grandchildren at the age of twenty-one, with the number of grandchildren uncertain at the time the will took effect. The testatrix did not give to the grandchildren who survived *her*, but to such of her grandchildren, the *children* of the son and the two daughters, who survive " them," namely, the grandchildren who die during minority. It is the survivorship of the grandchildren among themselves and not their survivorship of the testatrix which determines the construction of the clause, and which, I think, is manifestly a " fluctuating " disposition, not alone because new children may be born into the class and the amount received by each child thus diminished, but also because, if a child in any of the three classes dies, the survivor or survivors take its share and thus is the share of such survivor or survivors increased. Added confusion is present in the event of a grandchild reaching the age of twenty-one and who is then paid its share and thereafter new grandchildren are born and thus become members of the class; and so, is a part to be taken from the child who has received its share and thereafter from each of the other children so that the new child may have rights of equality? We thus have " a fluctuating class to be determined in the future by the accidents of birth and death." (*Matter of Horner*, 237 N. Y. 489, 501.) " The provisions for the benefit of afterborn children are so entangled " with those for the benefit of the living grandchildren " as to make severance impossible." (*Matter of Horner*, *supra*.) The trust for the benefit of the grandchildren " gives us, not determinate shares, but shares in a state of flux, the provisions for the living child [grandchildren] hopelessly commingled, indistinguishably fused, with those for the use of children to be born in the future." (*Matter of Horner*, *supra*.)

The will and codicil now before us do not, it seems to me, fall within the interpretation of the will in *Matter of Trevor* (239 N. Y. 6), where the expressed purpose of the testator was declared to be the separation of the residuary estate into distinct shares for each child, thus permitting the excision of invalid contingent remainders. At bar the " dominant purpose " of the testatrix was to prevent any disposition of the funds in the trusts until majority was attained by each member of each class, and I think there is no

question that the possession and enjoyment of the property were suspended for a term not measured by or limited to two lives in being at the time of the death of the testatrix. It is, however, instructive to note that of the contingent provisions present in the Trevor will, Judge POUND (p. 16) said: " If there are no issue, the share of a child so dying before receiving possession is to be added to the shares of the surviving children. This possibility involves a contingent continuance of the trust. The share of a child might be augmented by the death of the others and continued under the trust. (*Matter of Silsby*, 229 N. Y. 396; *Church v. Wilson*, 152 App. Div. 844; affd. 209 N. Y. 553.) Absolute ownership of such a share might thus be suspended (a) during the life of the widow, (b) during the life of a child, and (c) during two lives more." The rule is well settled that a suspension during a minority is equivalent to a possible suspension during a life (*Jennings v. Jennings*, 7 N. Y. 547; *Benedict v. Webb*, 98 id. 460; *Matter of Butterfield*, 133 id. 473; *Jacoby v. Jacoby*, 188 id. 124, 129), and that a suspension which by any possibility can be continued beyond two lives in being at the testator's death, violates the rule. (*Schettler v. Smith*, 41 N. Y. 328; *Knox v. Jones*, 47 id. 389; *Herzog v. Title Guarantee & Trust Co.*, 177 id. 86; *Central Trust Co. v. Egleston*, 185 id. 23; *Matter of Wilcox*, 194 id. 288; *Matter of Hitchcock*, 222 id. 57.)

There remains for consideration the legacy of a one-fourth share to the son Douglas. To sustain it would result in a serious interference with the intention of the testatrix for an equal division of the residuary estate into four shares. As to three of these shares, the trusts sought to be created I regard as invalid in unlawfully suspending absolute ownership for more than two lives. Their invalidity results, in this case, in an intestacy as to those three shares, they being of the residuary estate itself and with no further place, under the will or codicil, to go, so that there is no room to apply the rule that a void disposition of a fund causes it to fall into the bulk of the estate passing then to residuary legatees. (*Phelps' Executor v. Pond*, 23 N. Y. 69, 79; *Matter of Colegrove*, 221 id. 455, 461.) The result of invalidating the three shares referred to and declaring that as to them the testatrix died intestate would be that the son Douglas would have his one-fourth share augmented by sharing in such intestate fund, thus producing a manifest injustice that the testatrix did not contemplate or intend. (See *Benedict v. Webb, supra*, 466.) " The rule is well established that when some of the trusts in a will are legal and some illegal, if they are connected together so as to constitute an entire scheme, so that the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected, or if manifest

injustice would result from such construction to the beneficiaries or some of them, then all of the trust provisions must be construed together and all must be held illegal." (*Bailey* v. *Buffalo L., T. & S. D. Co., supra,* 536.)

The decree of the Surrogate's Court of Queens county should be modified by striking therefrom the provision which determines that the 8th clause of the will and the codicil thereof are " valid and not in violation of said section 11 of the Personal Property Law," and by providing in place thereof that the 8th clause of the will and so much of the codicil as attempts to dispose of the residuary are invalid and ineffectual. As so modified, the decree should be affirmed, with one bill of costs to the contestants and likewise to the proponents, payable out of the estate.

Present — LAZANSKY, P. J., RICH, YOUNG, KAPPER and SCUDDER, JJ.

Decree of the Surrogate's Court of Queens county modified by striking therefrom the provision which determines that the 8th clause of the will and the codicil thereof are " valid and not in violation of said section 11 of the Personal Property Law," and by providing in place thereof that the 8th clause of the will and so much of the codicil as attempts to dispose of the residuary are invalid and ineffectual. As so modified, the decree is unanimously affirmed, with one bill of costs to the contestants and likewise to the proponents, payable out of the estate.

On May 31, 1928, the decision in this case was amended to read as follows:

Decree of the Surrogate's Court of Queens county modified by striking therefrom the provision which determines that the 8th clause of the will and the codicil thereof are " valid and not in violation of said section 11 of the Personal Property Law," and by providing in place thereof that the 8th clause of the will and so much of the codicil as attempts to dispose of the residuary are invalid and ineffectual. As so modified, the decree is unanimously affirmed, with one bill of costs to the contestants and likewise to the proponents and costs to the special guardian filing a brief, payable out of the estate.