In the Matter of the Estate of ISIDORE GOLDFELD, Deceased.

Surrogate's Court, Bronx County, February 3, 1932.

*Wilson Lee Cannon*, for the petitioner.

*Jesse Siskind*, special guardian.

Henderson, S. This is an application for the construction of paragraphs " second," " third," " fourth " and " eighth " of decedent's will.

Although the testator characterizes each of the different primary and secondary trusts for the benefit of his three children as one trust, he uses the following language in the 12th paragraph of his will: " And I further direct and it is my will that suitable sums be paid during their respective minority for their education, maintenance and support until they shall have reached their majority when they shall be entitled to their respective distributive share of my estate." The fact that this sentence is contained in the same paragraph with an invalid attempt to appoint others than his widow as testamentary guardians of his three children, is immaterial, and petitioner's contention to the contrary cannot be upheld. The words above quoted are an expression of his testamentary intention and must be considered together with the remainder of the document in seeking such intention.

The language of the testator, in its reasonable and ordinary meaning, so clearly expresses a lawful disposition of his entire estate, with the single exception of his failure to dispose of the remainder of each residuary trust in the event of its termination by the beneficiary's death without issue, that recourse to any rule or canon of construction is unnecessary (*Matter of Tamargo*, 220 N. Y. 225, 228; *Matter of Buechner*, 226 id. 440; *Matter of Drury*, 249 id. 154, 157), except the maxim that there can be no residue of a residue. (*Wright* v. *Wright*, 225 N. Y. 329, 340.) .

From an examination of the entire document it is manifest that his dominant purpose, after provision for his wife, was the division of the corpus of each trust for his children into three separate shares, each terminable by a separate minority or by the death of the beneficiary before attaining majority. Having ascertained what provisions the testator intended to make for the disposition of his estate, it must be determined whether or not they are legal. (*Central Trust Co.* v. *Egleston*, 185 N. Y. 23, 29.)

Although part of each residuary trust, hereinafter construed, consists of the remainder of the trust created in paragraph " second " and possible but contingent remainders of the trusts under paragraphs " third " and " fifth," and although there may be secondary trusts under the provisions of paragraph " fourth," the statutes prohibiting the absolute suspension of power of alienation (Real Prop. Law, § 42, as amd. by Laws of 1929, chap. 229), and the suspension of absolute ownership (Pers. Prop. Law, § 11, as amd. by Laws of 1929, chap. 229) beyond the respectively prescribed periods, are not violated by any of these secondary trusts, for in no event is

such power or ownership suspended beyond two lives in being at the time of the testator's death.

Such intended trusts are lawful and should, therefore, be given effect as valid separate trusts. (*Matter of Colegrove*, 221 N. Y. 455; *Matter of Horner*, 237 id. 489, 493; *Matter of Drury*, 249 id. 154, 155.)

I accordingly construe the paragraphs of the will, concerning which interpretation has been requested, to be of the following legal effect:

In paragraph " second " of his will the testator created a valid trust of certain real property for the benefit of his widow, terminating upon her death. He made a valid disposition of the remainder thereof in the residuary clause contained in the 8th paragraph of his will.

A similar valid trust of specified personalty was created in paragraph " third " of his will. As to this trust, however, he gave his executors a very broad power to invade and even to exhaust the principal by payments to his widow " as in the discretion of my executors may seem fit." The residuary clause also validly disposes of any remainder of this trust.

Under the provisions of paragraph " fourth " another valid trust of other specified personalty was created which terminates upon the death of the widow. The only effect of her remarriage is the reduction of her share of the net income of this trust to one-half thereof and the distribution of the other half of such income equally among his three children or the issue of any child then deceased, " *per stirpes* and not *per capita.*" The remainder is divided into three parts, each of which is payable at the widow's death to an adult child, or to the issue, *per stirpes*, of any child then deceased, or to the trustees in a secondary trust for the benefit of a child, then an infant, during his minority. The corpus of such secondary trust may also be invaded under the language, above quoted, in the 12th paragraph of the will.

Paragraph " eighth " is a general residuary clause carrying everything not otherwise disposed of (*Matter of Colegrove, supra*), except such part of the estate that may not be disposed of by reason of the failure to provide for a gift over of the remainder of a residuary trust in the event of the beneficiary's death, without issue, before maturity. (*Matter of Hoffman*, 201 N. Y. 247, 255.)

Under its provisions the residuary estate is placed in three trusts, each for the benefit of one of testator's children and terminating upon the beneficiary's arrival at majority or prior death, the principal of which is subject to possible invasion under the provisions of the above-quoted portion of paragraph " twelfth."

There is no gift over of the remainder of any of these residuary trusts in the event that the beneficiary thereof dies without issue before attaining majority. Such remainder, in that event, passes to decedent's distributees or their respective estates, as in intestacy, and does not augment the shares of the surviving beneficiaries of the residuary trusts. (*Matter of Hoffman, supra; Matter of Tamargo, supra; Wright* v. *Wright, supra.*) If he leave issue, however, any remainder goes to such issue.

Interpretation of paragraph " fifth " has not been specifically requested, but the determination as to paragraph " eighth " necessarily involves consideration of the former paragraph, which I construe to create three separate trusts, each terminating upon the beneficiary's reaching majority or prior death, or upon exhaustion of the corpus under the power of invasion expressly given to the executors in the 5th paragraph.

The provision for withholding income in the discretion of the executors, as expressed in the 5th paragraph, is in effect a valid direction for possible accumulation of income during the minority of the beneficiary. As to each trust created in the 5th paragraph, the death of the beneficiary, either with or without issue, before majority, causes the remainder, less the aggregate amount of invasion, to fall in equal shares into the three trusts created in the residuary clause. Under the provisions of the residuary trust for such beneficiary, his surviving issue, if any, will take one-third of this remainder, but if he leave no issue this third will pass to testator's distributees as intestate property.

The petitioner contends that the words " respective distributive share of my estate " in the above-quoted portion of the 12th paragraph means " respective share in income, not in principal." Consideration of the entire text of the will convinces me that the testator used such words in reference to the corpus of each of the trusts for the benefit of his children (*Matter of Hoffman, supra,* 253), and I so construe them.

The gifts of income and of principal to the issue of any child dying during minority are not declared in so many words, but result, as to the trusts created in the 4th and 8th paragraphs of the will, by necessary implication from the use in each of these two paragraphs of the words " *per stirpes* and not *per capita.*" (*Bishop* v. *Bishop,* 257 N. Y. 40, 50.)

I also hold that the remainder of each of the respective trusts for the benefit of the children vests in its beneficiary, who may be divested thereof, however, by his death during minority.

Allowances to the special guardian and the petitioner payable out of the estate.

Settle decision and decree accordingly.