In the Matter of the Estate of MARY A. TULLY, Deceased.

Surrogate's Court, Richmond County, June 25, 1934.

*Russell, Shevlin & Russell,* for the executor and trustee.

*Matthew S. Tully,* legatee in person.

SMITH, S. Mary A. Tully, the testatrix, executed her will on March 11, 1930, and died on April 14, 1930, and said will was probated in this court on September 12, 1930.

The executor and trustee now requests the interpretation and construction of the third, fourth, fifth and sixth clauses of said will, claiming that the trusts created by said clauses are invalid as an attempt to suspend the power of alienation beyond the statutory period of two lives in being, and that until such determination is made in relation thereto, it is impossible to have the estate appraised and transfer taxes ascertained and fixed thereon.

Said clauses read as follows:

" *Third.* I give, devise and bequeath to my executor hereinafter named all the rest, residue and remainder of my estate, real, personal and mixed in trust nevertheless to collect the rents, issues and profits thereof, and to pay therefrom the necessary costs and expense to maintain my sister, Eliza Tully, at St. Vincent's Retreat in the County of Westchester, New York.

" *Fourth.* I direct my executor and trustee to pay from the income of my estate the sum of $65 per month to my brother, James F. Tully for and during the period of his natural life.

" *Fifth.* In the event that my said brother, Matthew S. Tully should become incapacitated I authorize my executor and trustee hereinafter named to advance to my said brother, Matthew S. Tully from the income, rents and profits of my estate such sums as in the discretion of my said executor named may be necessary for the support and maintenance of said Matthew S. Tully.

" *Sixth.* Upon the death of my said sister, Eliza Tully, and my brother James F. Tully, and my brother Matthew S. Tully, I direct my executor and trustee to distribute the balance of my said estate then remaining as follows:

" To my nieces, Alice Sinton, Grace Tully, Paula Tully, my nephew, James Tully and my sister in law, Mrs. Alice Tully, the sum of one dollar each."

To properly construe said clauses, however, clause seventh of said will, which reads as follows, viz.: " *Seventh.* All the rest, residue and remainder of my said estate, I direct to be paid to my nieces, Regina Tully and Lulu Tully, and my nephew Joseph Tully, children of my deceased brother, Joseph Tully, share and share alike," should also be construed with clause sixth, of which it is a part, although numbered separately, for unless said clause is a part of clause sixth it has no effect, as it attempts to dispose of a remainder

of an estate which has no existence, as all of the estate of the testatrix is given to the executor named in said will in trust by clause third of said will. The change of the period at the end of clause sixth to a comma and the subsitution of the word " and " for " seventh " and the colon, and a small " a " for the capital "A " following will accomplish what was the evident intention of the testatrix, and that was to provide for the cost and expense of the maintenance of an incompetent sister, of an annuity to a brother and for the support and maintenance of another brother and for the distribution of the balance of the estate upon the death of the survivor of the three.

The primary intention of the testatrix is very clear; she intended to provide for the support and maintenance of her sister and her two brothers who constituted her entire family, with the exception of her nephew and two nieces, the children of her deceased brother Joseph, who are named as remaindermen, and the provision for such support would indicate an unusual degree of affection and solicitude for them and any such provisions are accorded a most favorable construction (*Chew* v. *Sheldon*, 214 N. Y. 344, 350); but the purpose of the testatrix is plain; her plan was to keep her property together as one trust fund without severability or termination, from the income of which her sister and her two brothers were to be provided for until the death of the survivor (Clause sixth), when the remainder was to be paid to her nephew and nieces. Even if the life estates and the annuity were construed to be kept within the lawful period of suspension, there could be no termination of any share at the death of any of the persons provided for, for the ulterior limitation for the benefit of the remaindermen must await the termination of the third life and, consequently, the trust violates the provisions of section 11 of the Personal Property Law and section 42 of the Real Property Law and renders the trust void in its entirety. (*Central Trust Co.* v. *Egleston*, 185 N. Y. 23.)

I, therefore, find that the clauses numbered third, fourth, fifth and sixth of said will unlawfully suspend the power of alienation and that said trust is illegal and void and that clause seventh of said will, as construed and added to clause sixth thereof, which provides for the ultimate distribution of said estate, is so connected and interwoven with the preceding clauses as to constitute an entire scheme that cannot be lawfully sustained, and that its adoption would do violence to testatrix's intention and would be unjust to the other objects of her bounty and consequently is also illegal and void, for the·rule is said to be firmly established that when the several parts of a will are so intermingled or interdependent that the bad cannot be separated from the good, the will must fail

altogether.  (*Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525, at p. 536, where the rule is stated; *Matter of Hardgrove*, 223 App. Div. 646.)

Said testatrix died intestate as to all of her property attempted to be given to the executor in trust.

Enter decree construing will accordingly.