BESSIE SCHOEN, Individually, etc., Plaintiff, *v.* YONKERS NATIONAL BANK AND TRUST COMPANY, Individually and as Trustee, Defendant.

Supreme Court, Westchester County, January 6, 1938.

*Degenstein & Aries,* for the plaintiff.

*Bleakley & Harding,* for the defendant.

DAVIS, J.   The trust agreement herein names three beneficiaries. It provides that upon the death of two the trust shall continue until the expiration of twenty-one years from the time of its commencement.   This is an illegal suspension of absolute ownership in violation of section 11 of the Personal Property Law.   The trust estates, in order to be valid, must be so limited that in every possible contingency they will absolutely terminate within the prescribed period. (*Matter of Wilcox,* 194 N. Y. 288.)   Here they may extend beyond such period, and the trust, therefore, violates the statute.

I am of the further opinion that the trust agreement cannot be sustained even in part.   In some cases the courts have simply cut off the illegal portion of the trust and let the remainder stand.   But the cases in which that has been done are those where the trust instrument discloses a primary and dominant intent on the part of

the donor to create several separate trusts, so that the court may sever the principal without violating the intention of the donor. (*Matter of Colegrove*, 221 N. Y. 455; *Matter of Horner*, 237 id. 489.)

The test is whether the principal can be separated into distinct shares. (*Leach* v. *Godwin*, 198 N. Y. 35.) Here that cannot be done. There is no way of telling how much of the principal any beneficiary will ultimately receive. It is evident that, in order to make the monthly payments specified in the agreement, the principal must be invaded. The extent of the monthly invasion of principal will differ in the case of each beneficiary, since each is to receive a a different monthly amount. Furthermore, the last survivor is to receive the whole fund, and, of course, no one can predict who the last survivor will be. Hence there is no possibility of holding that several separate trusts have been created and no way of severing the good part of the agreement from the bad.

If the dominant purpose is the creation of a single trust continuing through more than two lives in being, absolute ownership is illegally suspended and the trust is void in its entirety. (*Matter of Horner*, 237 N. Y. 489.) Such is the situation here, and it must be declared illegal.

The trust agreement having been declared illegal and void, as aforesaid, the next question is the distribution of the fund herein now in the hands of the defendant. The distribution of this fund cannot be determined on the papers before the court. If such determination is desired, additional proof may be submitted at a time and place to be arranged by counsel for the respective parties herein.