In the Matter of the Construction of the Will of JULIUS GOLDSTEIN, Deceased. LORE S. RAUBVOGEL et al., Appellants; NATHAN M. EISENBERG et al., Respondents.

Second Department, December 17, 1956.

*John M. O'Rourke* and *Henry W. Laber* for appellants.

*Michael F. Dennis* for Lewis R. Sussman, respondent.

*John C. Marbach* for Nathan M. Eisenberg and others, respondents.

MURPHY, J. Julius Goldstein died on February 16, 1954. In the eleventh paragraph of his will he directed that a trust fund created of the residue, including the balance of shares of stock of Simon, Healy & Goldstein, Inc., hereinafter referred to as "the corporation", be held for a period of three years from the date of his death. During that time 10 named employees, if still in the employ of the corporation, are to be paid the net income from this corpus in enumerated proportions. At the expiration of the three-year period the corpus and accumulated income, in such enumerated proportions, are to be paid to such of the 10 named employees as are still in the employ of the corporation. The concluding provision of the eleventh paragraph reads: "Should any of said employees not survive me or not be so employed at the times of any such payments or distribution as aforesaid, then and in any such event any income, principal or shares of stock to which he otherwise would have been entitled hereunder shall be paid, distributed and turned over to the remaining aforesaid employees in equal shares, in addition to their own varying proportions above allocated."

Appellants are a niece and nephew of the testator, each of whom was bequeathed $5,000. They contend that this paragraph was void because of its manifestly unlawful suspension of the power of alienation for the arbitrary span of three years (cf. *Kalish* v. *Kalish*, 166 N. Y. 368; *Smith* v. *Chesebrough*, 176 N. Y. 317; *Matter of Roe*, 281 N. Y. 541). The only other distributee, a brother of testator, has taken no part in this proceeding.

The Surrogate excised the above-quoted concluding provision which unlawfully intermingled 10 lives during the three-year period. He construed the balance of the paragraph, in effect, as creating a trust for each of the 10 named employees, terminable upon (1) the death of the beneficiary, or (2) the severance of employment, or (3) the expiration of three years — whichever first occurs. Vesting becomes absolute if the third condition obtains, but intestacy ensues upon the happening of either of the others. Each of the trusts as so construed is dependent upon but a single life.

The issue here is whether this modification can be upheld as an effectuation of the lawful features the testator had in mind, or whether it must be rejected as an attempt to remake the trust.

Of primary concern is replacement of the three-year period, as the dominant measure of the trust, by the lives of each of the beneficiaries. Leading to this result are the division of the corpus into as many trusts as there are named employees, and the vesting in each such person of his share, subject to divestment in the event of the happening of either of the first two of the foregoing conditions. The method employed by the Surrogate is justified on the basis of authority holding that where shares of a common fund are apportioned to individuals and where a determination that the fund was to be kept *in solido* as a single trust would result in unlawful suspension, separation may be made into as many trusts as there are beneficiaries (*Vanderpoel* v. *Loew,* 112 N. Y. 167; *Matter of Mount,* 185 N. Y. 162, 169–170; *Matter of Colegrove,* 221 N. Y. 455). As to vesting, where beneficiaries are designated by name, as we noted in *Matter of Montgomery* (258 App. Div. 64, 65, affd. 282 N. Y. 713), such designation is an effective element in support of the usual presumption that the testator intended that the remainders should vest on his death. There is further evidence in the will that the testator intended the trusts so to vest, in that he provided, *inter alia* " Should any of said employees not survive me ".

With the remainder of each of the separate trusts vested in a single beneficiary, the three-year measure of the trust is tempered so as to come within a lawful ambit. We are told on cited authority in *Matter of Lyons* (271 N. Y. 204, 208–209) that when it is possible to excise the invalid provisions and preserve the general plan, such a construction will be adopted as will prevent intestacy, either partial or total, as the case may be. Provisions for arbitrary periods of time were excised

from the wills considered in the *Kalish* and *Smith* cases (*supra*). On the other hand, the two-year provision considered in the *Roe* case (*supra*) was so vitally enmeshed in the alternative gift to a hospital as to render excision impossible without defeating the intent of the testatrix. In the present case there is no serious difficulty because it is only necessary to reduce the dominance of the three-year provision. As construed in the decree, each beneficiary must, as the testator intended, remain in the employ of the corporation, as well as survive, for three years, in order to take.

Intestacy may result from the necessary excision of the concluding provision. Remainders, however, have often been excised where the primary provisions are thereby enabled to remain intact (*Matter of Lyons, supra; Matter of Silsby,* 229 N. Y. 396; *Matter of Horner,* 237 N. Y. 489; *Oliver* v. *Wells,* 254 N. Y. 451).

The testator's intention has here been preserved insofar as possible, and not distorted, by such excision and by the construction of the balance of the trust provisions.

The decree should be affirmed, with one bill of costs to respondents, payable out of the estate.

Present — WENZEL, Acting P. J., BELDOCK, MURPHY, UGHETTA and KLEINFELD, JJ.

Decree of the Surrogate's Court of Westchester County unanimously affirmed, with one bill of costs to respondents, payable out of the estate.